## DEARING *vs.* WATKINS.

1. An unregistered mortgage is valid and operative against subsequent purchasers, with notice. The fact that the mortgage was executed in another State, whilst the property was in this, cannot affect the principle.

2. The retention of possession, by the mortgagor, after the law day has elapsed, is not *prima facie* evidence of fraud: It is, at most, but a circumstance from which fraud may be inferred.

Error to the Circuit Court of Lawrence. Tried before the Hon. Thomas A. Walker.

This was an action of detinue by the plaintiff in error against the defendant for the recovery of a slave and damages for his detention. The plaintiff claimed title under a mortgage executed to him on the 24th October, 1840, by James Jackson, the consideration and *bona fides* of which were admitted. The mortgage was executed in the State of Georgia on property in this State, and the debt, which it was intended to secure, became due on the 1st January, 1841. The defendant relied for his defence on a bill of sale from said James Jackson, dated the 10th January 1842, the consideration paid being a note of said Jackson for $662 held by the defendant,

and which was extinguished by the purchase. The slave was owned by Jackson as far back as 1832, had continued in his possesion in Alabama up to the date of the purchase by the defendant, and was then delivered to him. It was admitted that the mortgage had never been recorded in this State, but the defendant had actual notice of it at and before his purchase. The court upon this state of facts charged the jury, 1st. That although the mortgage was valid between the parties both in the State of Georgia and in this State, yet, as to subsequent purchasers and creditors in this State, who became such after the law day had elapsed, it was fraudulent and void, notwithstanding such purchasers and creditors had actual notice of its existence, unless it had been duly recorded in this State in accordance with the requirement of the statute.

2. That if the mortgagor was permitted to retain possession of the slave, after the law day of the mortgage had elapsed, it was *prima facie* evidence of fraud, and required explanation.

To these charges the plaintiff excepted, and now assigns them as error.

T. M. PETERS for plaintiff.

1. Under the acts of 1823 and 1828, which, if any do, apply in this case, *actual* notice renders registration unnecessary. The act of 1803 does not apply, as the mortgage was on consideration deemed valuable in law. Clay's D. 255, §§ 5, 4, 3; Smith v. Zurcher, 9 Ala. 208; Bolling v. Carter et al., 9 Ala. 921, 923; 3 Stew. 233; Ohio Life Ins. Co. v. Ledyard, 8 Ala. 866; 1 Story Eq. § 403; 10 Ala. 682; 4 Ala. 469.

2. The retention of possession by the mortgagor of personal property after the law day is passed, is not *prima facie* evidence of fraud. It must be shown that there is fraud before fraud need be rebutted: fraud is not a presumption of law, but a fact to be proven. Simerson v. Br. Bank at Decatur, 12 Ala. 205, 212, 213; Willis v. P. & M. Bank, 5 Ala. 781; 1 Story Eq.

3. The mortgage, under which the plaintiff claims, having been made and delivered in the State of Georgia, by a resident citizen of that State, and conveying property in this State at the time of the execution of the mortgage, is not affected by the act of 11th January, 1828. The language of this act is

*descriptive* only of such conveyances as have been made by parties residing in this State. It is not ambiguous. It cannot therefore be extended by construction to others not mentioned. *Expressio unius est exclusio alterius,* is the law of statutes as well as contracts. Conveyances so circumstanced are also excluded by the acts of 1803 and 1823, as their language does not embrace it; and as State laws have no force *extra territorium,* (12 Ala. 53, 42,) this State never *intended* its enactments to operate on foreign contracts. Clay's Dig. §§ 5, 4, 3; Caterlin v. Hardy, 10 Ala. 514; Adams v. Broughton, 13 Ala. 731; 2 Dwarris Stats. 712; Rex v. Cunningham, 5 East. 478; Broom's Max. 278; Co. Litt. 210.

L. P. WALKER for defendant.

1. It is contended for the plaintiff in error, that as to Watkins the mortgage is certainly valid, although not registered in time, he having actual notice of its existence. *Actual* notice of the existence of the mortgage is *equivalent* to the *constructive* notice afforded by registration. *E contra*—We contend that the absence of any certificate of probate or acknowledgment defeats the validity of the mortgage, even with *actual* notice. To authorize the registration of such a deed, it must be *acknowledged* by the maker thereof, or be *probated* by one of the subscribing witnesses thereto, before one of the officers named in the act. Clay's Dig. 153, §§ 7 & 8—p. 256, § 7; 8 Ala. 360. The statute requires the *certified* oath of the witness that he saw the maker of the deed execute it—a very different thing from the mere subscription of a name, which the clerk of a court certifies is a genuine signature. Although registration upon an *acknowledgment* or *probate* defective or irregular in form, may be valid and operative as constructive notice, yet a registration without *some* acknowledgment or probate is a nullity, and therefore no notice. These conditions *must* be complied with, otherwise the party has no right to have his deed registered, and the clerk no authority to *record* it; and an act illegally done can possess no virtue and confers no rights. 8 Ala. 360; 4 Ala. 469; 5 Ala. 297; 2 Ala. 203; 5 Porter, 413; 3 Cranch, 140, 155; 4 Kent, 174. Therefore, the mortgage would be invalid, even if recorded in time—its registration being illegal and unauthorized. How can *actual*

notice put the plaintiff in a better condition than *registration* would have done ?   8 Ala. 866 makes actual notice of the existence of the deed *equivalent* to the constructive notice afforded by *registration*—that is, that the former is a good substitute for the latter.   But as the registration, even within the thirty days, is of no avail unless the mortgage has been previously *probated* or acknowledged, so neither is *actual* notice—because, being a mere substitute for the former, it cannot effect more than that could have done.   *Actual* notice being *merely equivalent* (8 Ala. 866) to *constructive* notice, cannot, of course, dispense with any of the steps or formalities essential to the validity of constructive notice.   The actual notice must be of a mortgage *fit for registration*, which is not the case until it is probated or acknowledged.   *Actual* notice is equivalent to *registration*, but not to registration *and* probate.   Until its execution is proved or acknowledged, it is not a mortgage.   Up to this, there is a *locus penitentiæ*.   It is an *inchoate* instrument, a knowledge of which operates as a mere declaration of an intention on the part of the grantor.   The actual notice must be of a *perfected* lien.

2. The possession of the negroes by Jackson after default in the payment of the notes for the security of which he gave the mortgage, raises the presumption of fraud, and must be rebutted by the plaintiff.   5 Ala. 303, 336, 374; 6 Ala. 185; 4 Ala. 469; 7 Ala. 262; 7 Ala. 690; 4 Hill's (N. Y.) Rep. 272, 308–10–11.

The instrument offered in evidence to support Dearing's title is not an *absolute* bill of sale.   It was liable to be made void upon payment of the money intended to be secured, and therefore does not come within the rule laid down in P. & M. Bk. of Mobile v. Borland (5 Ala. 531, 549) ; nor is it a *conditional* sale, because the debt intended to be secured was not discharged—this is necessary to a conditional sale, (4 Kent, 145, note *a*) ; but it is a *mortgage*, vesting the title and possession at once in the mortgagee, subject to defeasance upon payment of the notes to Dearing at the time appointed.   Jackson's possession, then, was inconsistent with the terms of the mortgage, and therefore a *badge* of fraud, which it was Dearing's duty to explain.   5 Ala. 303, 336, 374; 6 Ala. 185; 7 Ala. 262, 690; 4 Ala. 469; 4 Hill's (N. Y.) Rep. 272, 308–10–11.

DARGAN, J.—Although a mortgage be not recorded, yet if one with actual notice purchase the mortgaged property of the mortgagor, he buys subject to the mortgage, and as against him the mortgage cannot be considered invalid, because it has not been recorded in the manner prescribed by the statutes. This has been so often determined by this court, that it cannot now be considered as a question open to controversy. Smith v. Zurcher, 9, Ala. 208 ; Bolling v. Carter, et al, 9 Ala. 921 , Ohio Life Ins. Co. v. Ledyard, 8 Ala. 866 ; 4 Ala. 469. These decisions accord with decisions of other States on statutes similar to our own, (Sec 4 Halst. 193 ; 1 Pick. 164 ; 1 Metc. Rep. 214,) and in our judgment harmonize with the reason upon which the statutes were made.

The object of registration laws is, to give *notice* that subsequent purchasers and creditors be not deceived ; and if one purchase with actual notice, he is in possession of that information that the Statute intended to place within his reach. If he buys the mortgaged property, with notice of the mortgage, he cannot complain that he has been deceived or defrauded.

The argument, however, in this case, assumes that the mortgage deed is inchoate or incomplete, until it is duly acknowledged or probated in a manner that would authorize its being recorded ; and as the mortgage, which is the foundation of the plaintiff's title, has never been acknowledged, it is invalid as against a subsequent purchaser with notice. A mortgage deed, like all others, is perfect and complete between the parties thereto, when signed, sealed and delivered. The law does not require it to be probated or recorded in order to give it validity, as between the parties to it, but requires its registration merely that all may have an opportunity to know of the existence of the deed.

The charge of the court goes on the ground, that the mortgage is invalid as against a purchaser with actual notice, because it was executed in Georgia, conveying property in Alabama. We can see no reason for such a distinction. It was a valid deed between the parties in Georgia, and equally so here ; and as the defendant had actual notice of it, he stands in the same relation to it as if the deed had been duly proved and recorded.

We might have closed this case, and sent it back for another trial, but as there is another question presented, which may become a material inquiry in a subsequent trial, we propose briefly to express our opinion upon it. The court charged the jury that if the mortgagor retained the possession of the slaves, after the law day had passed, that this was *prima facie* evidence of fraud. In the case of the Plan. and Mer. Bank, v. Willis, 5. Ala. 770, it is said, " that if the seller of personal property retains the possession after the execution of an absolute bill of sale, the transaction is *prima facie fraudulent*, and to free it from this legal imputation, the purchaser must show some special reason why the possession did not accompany the transfer. But the same rule cannot be applied to a mortgage of a chattel, although the mortgagor fail to pay the debt intended to be secured thereby. And although the mortgagee do not take immediate possession, or commence suit by bill in equity or otherwise, it cannot be assumed as a conclusion of law that the mortgage is fraudulent. The doctrine laid down in this case is recognized in the subsequent case of Limerson v. the Br. Bank at Decatur, and we will here add that it meets our approbation.

I understand, that when the law will *prima facie* presume fraud, because the possesson does not follow the transfer, that this legal presumption of fraud arising from the retention of possession, will not be rebutted or explained by mere proof, that the consideration of the transfer was *bona fide*; but in addition to this, the vendee or claimant must show some sufficient *reason*, why the possesssion was permitted to remain with the vendor. Now a mortgage is a mere security for a debt : The mortgagee may file his bill in equity to foreclose and sell, without troubling himself with the possession, or he may sue at law ; the debt is the principal, the mortgage the security, and the law cannot denounce a mortgage as fraudulent, simply because the mortgagee does not take possession on the day the condition is forfeited.

If no suit be commenced, nor the possession changed, but it is permitted to continue with the mortgagor, these are circumstances to be weighed by the Jury, if the *bona fides* of the mortgage is assailed.; and these circumstances will have the more weight, the longer the possession is retained without

4

any demand being made for the property, or suit commenced. The jury will weigh these circumstances, in connexion with all the proof, in coming to a conclusion, whether the deed is fraudulent or not; but the law cannot pronounce a mortgage fraudulent, because the mortgagor retains the possession of the chattel after the law day is past.

As the ruling of the Circuit Court was opposed to the view here taken, the judgment must be reversed and the cause re-granded.