# Mitcham *v.* Schuessler Bros.

98 635
122 295

### Attachment; Trial of Right of Property.

1. *When proof of conversation not admissible.*—The claimant in a trial of the right of property, cannot prejudice the claim of the plaintiff by proof of a conversation had between the defendant and the agent of the claimant, when plaintiff was not present.

2. *Admissions of husband not binding on the wife.*—Admissions of the husband in relation to the business of the wife, not made in her presence, are not binding on her; especially, when acting as her agent, as to any past transaction, or which are not explanatory of some contemporaneous one, within the scope of his authority, or made in the execution of his agency.

3. *What claimant must show in trial of right of property.*—In the trial of the right of property attached, and which is claimed by a mortgagee, the burden is on the claimant to show a valid existing debt secured by a mortgage on the attached property at the time of the levy of the attachment.

4. *Extension of mortgage debt does not invalidate mortgage.*—The extension of a *bona fide* debt secured by a mortgage, although the effect is to protect the debtor in the enjoyment of the mortgaged property, does not invalidate the mortgage security. An unreasonable delay after the law day, is a circumstance to be considered in determining the *bona fides* of the transaction.

APPEAL from Chambers Circuit Court.
Tried before the Hon. J. R. DOWDELL.

[Mitcham v. Schuessler Bros.]

On the trial of this cause, G. T. Mitcham, the husband of the claimant, testified that he went to the house of the defendant, C. P. Baird, on the 4th of October, 1891, and, as the agent of claimant, demanded payment of the balance due from Baird on her mortgage; that in that interview said Baird told witness that if he, Baird, did not pay the amount on the 6th of that month he would surrender the mortgaged property to witness. The witness, W. L. Baird, was offered by the claimant, who was asked if he was present and heard said conversation, and, if so, state what he saw and heard? To this question the plaintiff objected. The court sustained the objection, and the claimant excepted. The plaintiff offered to show by the witness, J. W. Cooper, that he met G. T. Mitcham in West Point in the early fall of 1890, and was informed by Mitcham that the defendant, C. P. Baird, had paid him up, and then owed him nothing, and that if he wanted to trade for Baird's mules, to go ahead; that these were the mules levied on by plaintiff. To this testimony of Cooper, the claimant objected, on the ground that the statements and admissions of G. T. Mitcham could not bind the claimant, A. W. Mitcham, and that it was otherwise illegal and irrelevant. The court overruled the objection, and refused the motion of claimant to exclude; to which action of the court the plaintiff excepted. The plaintiff requested the following charges in writing: (1). "The burden of proof is on the claimant to show that when the attachment was levied that there was a debt existing from C. P. Baird to the claimant, secured by mortgage, and if the claimant has not satisfactorily to the jury shown that at the time the attachment was issued, she had a valid existing debt secured by the mortgage then the jury must find for the plaintiff." (2). "The court is asked to charge that the law day of Mr. Mitcham's mortgage was the 1st day of October, 1890, and if the jury believe from the evidence that the mules were permitted to remain in C. P. Baird's possession until the 6th of October, 1891, and if, from the evidence, and from the facts in the case, this was an unreasonble time to permit the mortgagor to remain in possession of the mortgaged property after the law day, this may warrant the jury in inferring, and in connection with the other evidence, in finding that the mortgage debt was paid, or that the mortgage was held up as a protection for his (Baird's) property against the demands of his creditors, unless the jury believe from the evidence that the indulgence of the mortgagee is compatible with fair dealing, and induced by no intention to favor the mortgagor to the prejudice of his creditors." The court

gave both these charges, and the claimant separately excepted. There was judgment for the plaintiff. The claimant takes this appeal, assigning said several rulings and charges of the court as error.

W. J. SAMFORD, for appellant.

N. D. DENSON, for appellee.

COLEMAN, J.—Schuessler Bros. sued out an attachment against one C. P. Baird, which was levied on the 17th of October, 1891 upon certain personal property. A. W. Mitcham claimed the property and executed a replevy bond, and an issue was made up to try the right of property. Evidence was introduced by the plaintiff tending to show the indebtedness of the defendant in attachment, the levy of the attachment and that up to within ten days prior to its levy the property was in the possession of the defendant in attachment, who claimed the same as his own. The claimant's title is derived through a mortgage, executed by the defendant on the 25th day of February, 1890 upon the property levied upon under the attachment. The execution and consideration of the mortgage was duly proven, and the mortgage admitted in evidence. The mortgage debt became due Oct. 1st, 1890 and was credited with $81.94 Oct. 18th, 1890, and endorsed as follows: "It is agreed that the payment of the balance on this mortgage be extended to Oct. 1st, 1891." There was evidence tending to show that the extension was granted, because of the inability of the mortgagor to pay the debt when it fell due. It was proven that G. T. Mitcham, husband of claimant, was her agent, and by virtue of the mortgage, with the mortgagor's consent, took possession of the property on the 6th of Oct. 1891, and had it in possession as the agent of the claimant at the time of the levy of the attachment.

There was no error in excluding the conversation between G. T. Mitcham and the defendant in attachment, plaintiff not being present at the time, and having no knowledge of it. The court erred in admitting the testimony of the witness Cooper. Admissions of the husband made in the absence of the wife, are not binding on her, and this is especially applicable to his declarations as an agent as to any past transaction, or his admissions which are not explanatory of some contemporaneous act or transaction, within the scope of his authority, or made while in the execution of his agency.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621;

[Gardner, et al. v. Black.]

*A. G. S. R. R. Co. v. Hawk,* 72 Ala. 112; *A. G. S. R. R. Co. v. Hill,* 76 Ala. 303; *Belmont Coal & R. R. Co. v. Smith,* 74 Ala. 206; *Bynum v. So. Pump Co.,* 63 Ala. 462. The admissions of the husband testified to by the witness Cooper as to the satisfaction of the mortgage debt, are not within the rule, and should have been excluded. We think the first charge given for the plaintiff, when considered with the evidence, was free from error. The evidence satisfactorily showed, that the property belonged to the defendant, subject to the rights of the mortgagee, and if the debt secured by the mortgage, through which claimant claimed title, had been paid, the jury were properly instructed to find the issue for the plaintiff. The second charge given for the plaintiff is somewhat involved and as a whole not strictly correct. Indulgence for an unreasonable time after the law day of a mortgage is a circumstance, which the jury may consider in connection with other facts, in determining the *bona fides* of a mortgage in its inception, or as to whether the secured debt has been satisfied.—*Beall v. Williamson,* 14 Ala. 55; *Dearing v. Watkins,* 16 Ala. 20; *P. & M. Bank v. Willis,* 5 Ala. 770. But if the mortgage is *bona fide* and the debt secured, has not been paid, no indulgence to the mortgagor, although the effect of such indulgence be to protect the debtor in the possession and enjoyment of the property will affect the validity of the mortgage security. In such cases, the only remedy of the mortgagor is to redeem, and his creditors can acquire no rights.— *Ware v. Hamilton Brown Shoe Co.,* 92 Ala. 145; *Pratt v. Nixon,* 91 Ala. 192; *Kelly v. Longshore,* 78 Ala. 204; *Bingham v. Vandegrift,* 93 Ala. 283.

Reversed and remanded.