# Clement *et al.* v. Draper Mathis & Co.

*Bill in equity to foreclose mortgage.*

1. *Bill to foreclose mortgage; description of property.*—In a bill to foreclose a mortgage if a defective description of the lands contained in the mortgage is accompanied by proper averments of the bill, so as to show that by extrinsic evidence, the lands can be definitely located, such averments will cure the defect.

2. *Husband and wife; contract of wife.*—The wife cannot contract so as to bind herself, except it be in writing, and with the written assent or concurrence of her husband, unless he has complied with § 2350 of the Code.

3. *Same; mortgage of wife's property to secure husband's debt.*—Where a wife becomes surety for her husband, and a mortgage is executed upon her property to secure the debt, it cannot be enforced.

4. *Appointment of agent by wife.*—The wife is incapable to confer authority resting in parol, upon her husband or any other person to make or sign a contract in her name. But she may ratify in writing, with the assent of the husband expressed in writing, any act done by another as her agent.

APPEAL from Clay Chancery Court.

Heard before Hon. S. K. McSpADDEN.

This bill was filed by the appellees, Draper Mathis & Co. against the appellants Benjamin Clement and Tempy Clement, who were husband and wife, and sought the foreclosure of two mortgages executed to them upon

[Clement *et al.* v. Draper Mathis & Co.]

the property of the wife, alleging that the debt secured was the debt of the wife. The bill and mortgage described a portion of the land as "lot No. 1312, a part of the west half of the south east quarter of section, lying west of Enitachopco creek in section twenty-nine, township twenty-one range eight." Other lots were described in the same manner. All was described as lying in Clay county.

The defendants answered, denying that the debt secured by the mortgage was that of Tempy Clement, and alleging that on the contrary, it was the debt of Benjamin Clement, and that Tempy was merely his surety. In their answer, they also incorporated a demurrer to the bill as a whole, on the ground that the description of the property therein was too vague, and demurred to that part of the bill describing the property above set out, upon the same grounds. The evidence upon the issues of fact are sufficiently stated in the opinion. The chancellor decreed in favor of the complainants, from which the defendants appealed.

KNOX, BOWIE & DIXON for appellants. When money is derived from a particular fund, payment must be applied to the relief of such fund unless otherwise agreed. *Darden v. Gerson & Winter*, 91 Ala. 323; *Levystein v. Whitman*, 59 Ala. 345; 80 Ala. 238; 71 Ala. 286. The wife's mortgage to secure the husband's debt is absolutely void. *Hawkins v. Ross*, 14 So. Rep. 278; *Heard v. Hicks*, 82 Ala. 484; *Landen v. Brue*, 90 Ala. 447; *McNeil v. Davis*, 17 So. Rep. 111.

MATTHEWS & WHITESIDE, *contra.* The burden was upon appellants to show that the debt was that of the wife. *Lehman v. McQueen*, 65 Ala. 570; *Wolffe v. Nall*, 67 Ala. 24; *Marlowe v. Benagh*, 52 Ala. 112; *Wilkerson v. Searcy*, 74 Ala. 243; *Evans v. Winston*, 74 Ala. 349; *Pruett v. Holly*, 73 Ala. 369.

The execution of the notes and mortgages by husband and wife was a sufficient compliance with the statute.

COLEMAN, J.—Draper, Mathis & Co., a partnership engaged in the mercantile business, filed the present bill to foreclose a mortgage executed by B. A. Clement and his wife Tempy Clement, on certain lands, to secure the

payment of their note, payable to complainants. The respondents demurred to the bill as a whole, and also assigned grounds of demurrer to certain parts of the bill. The demurrer to the whole bill was properly overruled. We are of opinion, that the description of certain portions of the land is too vague and indefinite, and the special grounds of demurrer should have been sustained. If the description of the land contained in the mortgage had been accompanied by proper averments of the bill, so as to show that by extrinsic evidence, the lands or lots could be definitely located, such averments would have cured the defect.—See *Clement v. Pearce*, 63 Ala. 284.

The note and mortgage were executed by husband and wife, and it is conceded that the lands and property conveyed by the mortgage belonged solely to the wife. The bill avers that the debt evidenced by the note and secured by the mortgage is the debt of the wife. The defense is placed upon the grounds, first, that the debt is the debt of the husband, and that the wife became bound as surety for him; and, second, that if the wife was bound as principal for any part of the debt, such part has been fully paid.

We think the evidence fairly establishes the fact that the payments claimed to have been made, were received by the plaintiffs, and the controversy on this point, is as to the application of the payments. There were six bales of cotton received from Tempy Clement, acknowledged by plaintiffs, which entitled Tempy Clement to a credit of $252.67. The plaintiffs' evidence tends to show, that they had no instruction as to how the proceeds of this cotton, should be applied, and they applied it to advances made to two of the tenants of Mrs. Clement, upon an agreement with her that she would stand security for them. There is not a particle of evidence offered to show, that Mrs. Clement signed such an agreement in writing, with the written assent or concurrence of her husband to such an agreement. The wife cannot contract so as to bind herself, except it be in writing, and with the written assent or concurrence of her husband expressed in writing, (Code § 2346); unless he has complied with section 2350 of the Code, so as to authorize her to enter into and pursue a lawful trade or business. *Strauss, Pritz & Co., v. Glass, post* herein.

[Clement *et al.* v. Draper Mathis & Co.]

Independent of this consideration by virtue of the note and mortgage executed May 19th, 1887, there was a lien given upon the crop and a stipulation that the first payment made should be upon the note. The law applied the proceeds of the cotton to the debt secured by a lien upon it, unless the mortgagor otherwise consented, and it was upon the plaintiffs to prove the consent, for a different application. The chancellor erred in the conclusion expressed in his opinion that the plaintiffs had authority to apply the proceeds of the cotton to the debt of the tenants.

The material question is whether the debt secured by the mortgage sought to be foreclosed, or any part of it, was the debt of the wife. We will not undertake to reconcile all the testimony of the complainants and respondents on this question, but will weigh their testimony in connection with facts which are unquestionably established. The mortgage to which the wife is a party was executed by her and her husband on the 4th of March, 1887, and to secure a note of $800.00. Of this amount, in January and February previous, the husband had purchased upon his own credit and which were charged to him solely, for goods and merchandise $347.17 and for a pair of mules $275., a total of $622.17. After these purchases were made and debts contracted by the husband, the complainants learned that B. A. Clement did not own any property in his own right, but that it all belonged to his wife. They thereupon refused to credit him further, and notified him that some satisfactory arrangement must be made for his debt already contracted. The arrangement made was the note and mortgage by husband and wife, on the 4th of March, 1887. The complainants contended, that the sale of the mules to the husband was cancelled, and they then sold the mules to the wife for the same price, $275, which entered into and was a part of the consideration of the note secured by the mortgage. The complainants further contended, that the wife assumed the debt of the husband for $347.17, and this amount entered into and constituted a part of the consideration of the note for $800. These two amounts, the husband's account and the price of the mules aggregated $622.17, and the complainants' contention is that the note was taken at $800 to cover any additional purchases that

might be subsequently made. There is testimony tending to support this contention. The testimony of B. A. Clement and his wife, Tempy Clement, is positive to the effect, that Draper, Mathis & Co. required security for the husband's debt and that his wife agreed to become bound as security for his debt, and for their future purchases. That the note was given that day, 4th March, to cover his indebtedness which was secured by the mortgage of himself and wife, and his previous notes and mortgages executed by him individually were surrendered. They show that the wife never assumed as principle the account of $347.67, but that remained his debt, evidenced by the note of himself and wife and secured by the mortgage. When we consider and weigh the depositions of the parties in connection with the note and mortgage and the bills rendered by the complainants to the respondents, the weight of the evidence as to the husband's account for $347.67 is with the respondents. There is not a word in the note or in the mortgage which in any manner indicates, that the wife agreed to pay or did pay this account of the husband. The only conclusion from reading the note and mortgage alone is that both were jointly liable for the debt. His name appears first on the note and mortgage. The note is referred to as *our* debt, and throughout, the note and mortgage evidence joint obligation. On the 4th of March, the day of the execution of the note and mortgage and presumably after their execution, as the complainants knew, before that day that B. A. Clement owned no property, a bill of merchandise was purchased, and an account rendered of the same, including all previous indebtedness. This bill was made out against B. A. Clement, and not against Tempy Clement. Her name nowhere appears on it. Included in the items bought that day is the charge for $347.67, the debt previously contracted by the husband and also the charge for the mules. Every bill of goods purchased from that day forward, was made out against husband and wife jointly.

The evidence in regard to the mules satisfies us, that the wife is properly chargeable with the purchase price. The mortgage itself, sets out the fact, that the mules were her property purchased by her that day, which corroborates the plaintiff's statement, that B. A. Clement voluntarily consented to return the mules, and that

the wife became the purchaser of them. . The mules were returned by the wife to the plaintiffs, who agreed to take them at a valuation of $245. There is no difficulty as to the mules. Our conclusion is that the wife became surety for the husband for the amount of his debt, contracted and owing by him for merchandise prior to the 4th of March, 1887, amounting to $347.67, and that the mortgage cannot be enforced against the wife's property to satisfy this debt.—Code, § 2349; *Hawkins v. Ross*, 100 Ala. 459; *NcNeil v. Davis*, 17 So. Rep. 111; *Head v. Hicks*, 82 Ala. 484; *Lansden v. Bone*, 90 Ala. 447. We have held, that unless the wife is engaged in trade or business, as provided in section 2350 of the Code, she is not bound by her verbal contract, and in the case of *Scott v. Cotten*, 91 Ala. 623, it was declared ''that the wife is incapable to confer authority resting in parol, upon her husband or any other person, to make or sign a contract in her name.'' There was no authority conferred on the husband, either by the agreement of March 4th, 1887, or of May 19th, 1887, evidenced by the notes and mortgages, respectively, executed by Tempy Clement and her husband, which authorized B. A. Clement or any other person to purchase goods and have them charged to the wife. For all such purchases he may have been individually liable, but the complainants were not authorized to charge them against the wife, without her written authority, authorizing him to act as her agent, to which he had expressed his assent in writing.— *Strauss, Pritz & Co. v. Glass, supra.* The wife may ratify in writing, with the assent or concurrence of the husband expressed in writing, any act done by another as her agent, and it may be that the note and mortgage of May 19th, 1887, may have been a ratification of purchases by her husband for her, made after the 4th of March, for which she would not have been otherwise legally bound. It would depend entirely upon the consideration of this latter note and mortgage. Under the facts of the present case, the better plan would be, to have the register execute the reference, before rendering a final decree upon the merits. The statute was fully considered in the case of *Strauss v. Glass, supra*, and we are of opinion it admits of no other construction. By having the husband to comply with section 2750 of the Code, the contracts of the wife become binding, as

to matters pertaining to the trade or business she is thereby authorized to engage in.

There are but two obligations in evidence which are of binding force upon the wife, one is that of March 4th for $800, the other of May 19th for $150. We hold that the obligation of March 4th, is entitled to a credit of five dollars, for goods returned, which appear on the account rendered. We hold further that the obligation is entitled to a credit of two hundred and forty-five dollars, the agreed value of the mules returned, and that $347.17 included in this note, is the debt of the husband and that the mortgage cannot be enforced for its collection, making a total of $597.17, which at all events must be taken out of the debt for $800. Whether the mortgage is valid for the remainder of this debt, will depend not upon the fact that goods were sold on her credit, or charged to her, but whether she lawfully contracted for them in person, or by agent lawfully authorized, or if not, whether she has ratified or adopted the purchase in a legal way. We hold further, that the proceeds of the cotton received by plaintiffs, should be first applied in satisfaction of any amount due from her on the note and mortgage, of May 19th, 1887, and any balance that may be left then credited on her liability on the note and mortgage of March 4th, 1887. If after stating the account as we have indicated, there should still remain a balance due from the wife on the note and mortgage of March 4th, 1887, the complainants will be entitled to relief and decree of foreclosure of the mortgage. If nothing is found to be due, the complainants are not entitled to relief, and their bill should be dismissed.

The decree of the chancery court is reversed and remanded, that it may be disposed of according to the principles herein declared.

No objection was made in the court below to the joinder of the husband as a party defendant, and we have not considered it. As he has no interest in the property, nor can have in any foreclosure decree that may be rendered, we cannot see that he is either a necessary or proper party.

Reversed and remanded.