# First National Bank of Tuscaloosa *v.* Leland.

*Action on Bill of Exchange.*

122  289
124  457
122  289
130  273
122  289
132  260
122  289
139  518

1. *Pleading and practice; estoppel should be specially pleaded and should not be set up by demurrer.*—Estoppels *in pais* should be specially pleaded; and matters of estoppel arising *dehors* a special plea can not be set up by demurrer, but must be interposed by replication to the plea.

2. *Same; same; action on bill of exchange.*—In an action on a bill of exchange, which was drawn by a married woman on a firm of which her husband was a member and was accepted by said firm, a plea of the defendant alleging that the bill of exchange was given to secure a debt owing by her husband, but does not show on its face that she drew the bill to secure the said firm, is not subject to demurrer upon the ground that the defendant was estopped from setting such fact against the plaintiff, and further showing that the husband was the sole proprietor of the firm.

3. *Action on bill of exchange; sufficiency of plea interposed by married woman.*—In an action upon a bill of exchange, which was drawn by a married woman upon a firm and accepted by said firm, a plea of the defendant which sets up that said bill of

19

[First National Bank of Tuscaloosa v. Leland.]

exchange was given to secure her husband, who was a member of the firm which accepted said bill of exchange, presents a sufficient defense to the action; and this is true whether the firm consisted alone of her husband doing business under the name of a partnership, or was composed of the husband and other persons.

4. *Pleading and practice; when answers to interrogatories filed under the statute properly stricken.*—Where interrogatories are propounded by one of the parties to a suit to the other party, under the statute, (Code, § 1850), answers which are not responsive to questions contained therein are properly stricken.

5. *Same; same.*—Under the statute authorizing the suppression of impertinent questions contained in interrogatories propounded by one of the parties to a suit to his opponent, (Code, § 1855), it is proper for the court, after striking out answers to the impertinent questions, to permit the remaining answers to be read in evidence by the party propounding the interrogatories.

6. *Husband and wife; when admissions of husband not binding on the wife.*—Admissions by the husband in relation to the business of his wife, made by him while acting as her agent, but not in her presence, are not binding on her, when not made in the execution of his agency, or which are not explanatory of some contemporaneous act within the scope of his authority.

7. *Same; same; partnership between husband and wife can not be established by husband's declaration.*—The declarations of one partner, not made in the presence of his co-partner, are not competent to prove the existence of a partnership between them; and the fact that the husband is the general agent of his wife for the transaction of her business, does not render admissible the declaration by him that his wife was his partner in the business, for the purpose of proving the existence of such partnership between them.

8. *Same; appointment of agent by wife.*—Under the provisions of section 2346 of the Code of 1886, the wife was incapable to confer authority resting in parol upon her husband or any other person, to make or sign a contract in her name.

9. *Action on bill of exchange against married woman; can not be maintained when bill drawn to secure debt of the husband.* Where, in an action upon a bill of exchange, it is shown under the proper pleadings, that the defendant was a married woman and that the debt for which the bill of exchange was drawn was owing by her husband and that it was given in renewal of a former bill of exchange, and that the defendant signed it at the request of her husband and was really an accommodation drawer, the defendant occupies the position of surety for her husband; and the general affirmative charge is properly given in her behalf.

[First National Bank of Tuscaloosa v. Leland.]

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the HON. S. H. SPROTT.

This action was brought by the appellant against the appellee. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendant gave to the jury the general affirmative charge in her behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FRANK S. MOODY and JONES & BROWN, for appellant. The demurrers to the first plea should have been sustained. The plea, to have been available should have answered the complaint by going on and showing that the acceptors, W. A. Leland & Co. and W. A. Leland, the husband of the appellee, were not one and the same person. In other words, a plea must be a refutation of the complaint—it must be either a general traverse or a confession and avoidance by new matter. If a plea in fact answers only part of the complaint it is bad on demurrer, it being a rule that it must answer all it purports to answer.—*L. & N. R. R. Co. v. Mothershed*, 110 Ala. 143; *Lake v. Thomas*, 84 Md. 608; *H. A. & B. R. R. Co. v. South*, 112 Ala. 642; *Foster v. Napier*, 73 Ala. 595.

It appearing that the acceptor on the bills of exchange sued on was not W. A. Leland, but that he was a stranger to the said bills, appellee should not be heard—as she attempted to do by this plea—to contradict or vary the terms of said written instruments by parol testimony, and thus show that the debt secured by the bills was the debt of a stranger to the same. See 3 Brick. Dig., 417. Furthermore, when the appellee performed the deliberate and solemn act of drawing these bills of exchange in favor of appellant upon W. A. Leland & Co., thus telling the appellant that the said W. A. Leland & Co. was either a corporation or a partnership composed of two or more members, she could not then be heard to deny this fact; she being wholly estopped from such a defense. This

would be an estoppel *in pais.*—Bishop on Contracts, § 284; *Hundley v. Chadick,* 109 Ala. 575; *Illinois T. & S. Bank v. Arkansas City,* 22 C. C. A. 171; *Moore v. Harper,* 27 W. Va. 362.

The 12th assignment of error arises from the court refusing to allow proof to be made that W. A. Leland was defendant's general agent, and therefore had authority to bind her by his declarations in her business affairs. The fact of agency itself can not be proved by the declarations of the agent, but when the agency is established by independent proof, then the agent's declarations are admissible against the principal.—*Home Pro. of N. Ala. v. Whidden,* 103 Ala. 203; *Sellers v. Com. Fire Ins. Co.,* 105 Ala. 282; *Buist v. Guice,* 96 Ala. 255; *Postal Tel. Co. v. Lenoir,* 107 Ala. 640; *Learned Letcher Lumber Co. v. Ohatchie Lumber Co.,* 111 Ala. 453; Mechem on Agency, § 714; 1 Greenleaf on Evidence, § 113; Story on Agency, (8th ed.), § 134; 1 Phillips on Evidence, 381, 383.

FOSTER & OLIVER, *contra.*—Appellee's pleas sufficiently show that the debt was the debt of her husband, that she occupied the position of surety of her husband, and it is not material if she were surety for another jointly with her husband. The drawing of the bills under such circumstances would still be a contract not authorized by law.—Code of Alabama, § 2529; *McNeil v. Davis,* 105 Ala. 657.

HARALSON, J.—1. The appellant sued the appellee on two bills of exchange, each drawn by appellee,—who was the wife of W. A. Leland, though the complaint does not show that fact,—in favor of the appellant, the plaintiff below, on W. A. Leland & Co., one bearing date, 18th March, 1893, for $150, payable on 20th May, 1893, the other for $423.65, dated 13th April, 1893, and payable on 15th July, 1893, each bill containing by indorsement on its back signed by defendant, a waiver of exemptions as to personal property, and a waiver of presentment, protest and notice thereof.

[First National Bank of Tuscaloosa v. Leland.]

The defendant pleaded two pleas to the complaint, the first, "that she was, at the time of the making of said bills of exchange, and now is, a married woman, the wife of W. A. Leland, that said bills of exchange were given to secure, renew, or extend a debt, owing to plaintiff by her said husband, W. A. Leland, she standing in the relation of surety on said bills of exchange for her said husband," and the second, "that at the time of the making of the bills of exchange sued on, she was a married woman, W. A. Leland being her husband, and that she did not have the assent in writing of her said husband, to make the contracts her sued on."

Under our statutes, if either of these pleas was true, it presented a good and meritorious defense to the suit; and if both were true, they presented a double defense to the maintenance of the action.

2.  The plaintiff demurred to the first plea on many grounds, among them, that the plea does not show that W. A. Leland & Co., the acceptors of the bills, is the same person as W. A. Leland, the defendant's husband; that the bills of exchange show that the debts are those of defendant, the drawer, or of W. A. Leland & Co., the acceptors, the only parties to the bills; that the plea does not aver, that W. A. Leland & Co. are the same as W. A. Leland, the defendant's husband, and she cannot contradict the written contract, by saying that the debt secured by the bill is the debt of a stranger; that she cannot contradict the written instruments by showing that the debtor is a party other than one of those who the said bills show are the debtors, and for the further reason, that if it be true as averred in the plea, that the debts secured by the bills are the debts of W. A. Leland, the defendant is estopped from setting up that fact against the plaintiff, because the defendant drew said bills on W. A. Leland & Company, and cannot now be heard to say as a defense to an action thereon, that W. A. Leland & Co. is not a corporation or a partnership composed of two or more persons.

The plea on its face does not show that the defendant is estopped to set up the defense thereby interposed.

The matter of estoppel set up in the demurrer arises *dehors* the plea, and the demurrer setting up such facts is a mere speaking demurrer. It was an attempt to reach by demurrer that which should have been set up by replication to the plea. Matters of estoppel *in pais* are the subjects of pleas in bar.

The plea itself, furthermore, plainly enough shows, that the debts sued on were the debts of W.A. Leland, the defendant's husband; and that W. A. Leland, of W. A. Leland & Co., whether that firm consisted of W. A. Leland alone, doing business under a firm name, or in partnership with others, was the husband of the defendant. If it was true as averred in the plea, that the bills sued on, "were given to secure, renew, or extend debts of her said husband, W. A. Leland, and that she stands in relation of surety on said bills of exchange for her said husband," it could scarcely make any difference who composed said firm, if said Leland was a member of it, or whether it consisted of one or more persons trading under a name indicating a partnership.—Code, § 2529 (2349); *McNeil v. Davis*, 105 Ala. 657; *Clement v. Draper*, 108 Ala. 211; *Richardson v. Stephens*, 114 Ala. 238. The name of Leland & Co. imports a partnership, but if a person does business under a firm name, the reputed firm may be sued by such name, and the execution will run against the partnership in name, leviable only on its property, being in the nature of a proceeding *in rem*, and not *in personam*.—*Birmingham L. & A. Co. v. F. N. Bank Anniston*, 100 Ala. 249. The demurrer to the plea was properly overruled.

3. The defendant below, under the provisions of the Code, section 1850 (2816) filed interrogatories to the plaintiff. One of the officers answered the interrogatories. The answers were not responsive to the questions propounded, and were, besides, illegal evidence. There was no error in striking them, nor in allowing what remained thereafter of the deposition to be read in evidence by defendant.—Code, § 1855 (2819); *Culver v. A. M. R. Co.*, 108 Ala. 330, 333.

4. The witness, Moody, for plaintiff, testified, that he had not seen the books of the firm of W. A. Leland & Co., was not present when it was formed, and that he only knew of the members of said firm from what he had been told. It was not attempted to be shown by him that he ever received any information on the subject from the defendant, Mrs. Leland. Nor was there any proof that she ever admitted that such a partnership existed, or that she ever held herself out as a partner, or had anything to do with said firm. Several questions were propounded to said witness, the object of which was, to show by the declarations of W. A. Leland, defendant's husband, or from others besides Mrs. Leland, who composed it, and that Mrs. Leland constituted the company; that she owned a farm, and her husband attended to it and all her business, and that at the time the money was loaned for which the bills of exchange were given, said Leland told witness, who was president of the plaintiff corporation, that defendant was a member of said firm.

It is well settled, that admissions of the husband in relation to the business of the wife, not made in her presence, are not binding on her, especially when acting as her agent, as to any past transaction, or which are not explanatory of some contemporaneous one within the scope of his authority, or made in the execution of his agency. Certainly if an agent to attend to her business generally such an agency would not imply an authority to declare her to be his partner in business.—*Mitcham v. Schuessler*, 98 Ala. 635; *Agnew v. McGill*, 96 Ala. 496. Moreover, under section 2346 of the Code of 1886, the wife could not contract so as to bind herself, except in writing, and with the written assent or concurrence of the husband expressed in writing; and she was incapable of conferring authority resting in parol, upon her husband, or any other person, to make or sign a contract in her name.—*Clement v. Draper, Mathis & Co.*, 108 Ala. 211. And, so far as the declarations of the husband sought to be introduced for the purpose of showing a partnership between himself and the defendant are concerned, it may be said, that the declarations of one partner not made in the presence of his co-partner are never

competent to prove the existence of the partnership between them. It is only when the partnership has been otherwise proved, that the declarations of one partner are admisible against the other, in the conduct of the partnership business. The existence of a partnership is a fact, to which a witness may testify when he has knowledge of its existence, but it can never be established by general reputation, or on hearsay evidence.—*Clark v. Taylor*, 68 Ala. 454; *Central R. R. & B. Co. v. Smith*, 76 Ala. 572. All this evidence, then, of said witness, Moody, which was excluded, constituting the basis for assignments of error from 6 to 12 inclusive, was properly excluded.

5. Mrs. Leland testified, that she signed her name where it appears on said bills introduced in evidence and to the waiver of exemptions, protest and notice thereon, and that her husband, who was doing business under the name of W. A. Leland & Co., requested her to sign said bills, and at the same time, he signed the name of W. A. Leland & Co., as acceptor, and to the waivers of protest and exemptions where it appears on the bills; that at the time, she owed the plaintiff nothing, and said bills were made to secure a debt which her said husband owed the plaintiff; that at the time of the trial and at the time said bills were signed and for a long time prior thereto, she was a married woman, the wife of said W. A. Leland, the same person who had carried on business under the name of W. A. Leland & Co., who contracted the debt for which said bills were given, and who had signed the name of W. A. Leland & Co. as acceptor of said bills; that her husband had not signed any writing in connection with or in reference to said bills and the drawing of the same by her, other than the bills themselves and the waivers on the backs of them show; that her husband requested her to sign the bills, and at the same time he signed the name of W. A. Leland & Co. on them, where that name appears, and that W. A. Leland & Co. was not a partnership, but was her husband, carring on business in that name. On the cross-examination she testified, that she did not know for whose debt the bills were given, nor the consideration for the same,

but that the debt was not her own, and she signed them at the request of her husband. There was no evidence in conflict with these statements of hers.

6. It sufficiently appears that the debts for which the bills were given were owing by W. A. Leland, and that they were in renewal of former bills; that the wife signed them at the request of her said husband; that she was, really, an accommodation drawer, and was in substance no more than a surety for her husband for the payment of the bills. Under the first plea, therefore, the defendant was entitled to the general charge.

It is unnecessary to consider other assignments of error.

Affirmed.