# Rice v. Southern Railway Company.

## Crossing Accident.

(Decided November 21, 1911.  56 South. 587.)

1. *Railroads; Trespassers; Duty Owed.*—A railway company owes the duty to a trespasser not to willfully or wantonly injure him, or not negligently to do so, after discovering his peril.

2. *Same; Pleading; Complaint.*—A complaint alleging that defendant through its agents or servants so negligently operated one of its train that it caused the death of plaintiff's intestate, without alleging the relation or the condition or circumstances surrounding the accident, fails to disclose that plaintiff's intestate was not a trespasser.

3. *Discovery; Interrogatories; Answers.*—Where an answer to an interrogatory is not shown not to be pertinent, it should not be stricken out merely because it is irresponsive.

4. *Appeal and Error; Record; Questions Presented.*—Where the count on which the case was tried is not disclosed by the record, this court cannot review the rulings of the trial court upon evidence and instructions relative to such count.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. F. Rice as administrator, against the Southern Railway Company, for damages for the death of his intestate. Judgment for defendant, and plaintiff appeals. Affirmed.

Count 1 is as follows: Plaintiff claims of defendant the sum of $25,000.00, as damages for that, heretofore, on or about April 18th, 1910, defendant owned a railroad through the town of Hillsboro, Lawrence County, Alabama, and ran and operated trains thereon as a carrier of passengers and freight for hire, on said above named date, and at or near Hillsboro in Lawrence County, Alabama, defendant, through its agents or servants, so negligently operated one of its trains that it caused the death of plaintiff's intestate, to his damage. The 12th interrogatory inquired as to the crossing of a

public road at a place known as Old Hillboro, and if the train was going in that direction, and how far the train was from the crossing when the man was killed, and if it was in sight of the crossing within the view of the engineer and fireman at that time, and had the engine blown the whistle for the crossing before the man was killed, and if at the time the engineer was looking ahead down the track for obstructions, or objects on or near the track, and if so how far ahead could he see. In answering the interrogatories, the engineer stated among other things, that he was ringing the bell as he approached this crossing, and plaintiff who had propounded the interrogatories under the statute moved to exclude so much of the answer as is set out above because not responsive to the interrogatories. ·

CHENAULT & CHENAULT, and E. W. DOWNING, for appellant. The court committed error in sustaining demurrer to the 1st and 3rd counts.—*H. A. & B. R. R. Co. v. Robbins,* 124 Ala. 113; *West Pratt C. Co. v. Andrews,* 43 South. 348; *L. & N. v. Jones,* 83 Ala. 376. The answer is irresponsive to the question, and should have been stricken.—*First Nat. Bank v. Leland,* 122 Ala. 289. Counsel discuss the evidence, and the giving and refusing of charges, with citation of authorities, but in view of the opinion it is not deemed necessary to here set them out.

C. M. SHERROD, and D. C. ALMON, for appellee. No brief reached the Reporter.

ANDERSON, J.—The judgment entry and brief of appellant's counsel indicate that the complaint consisted of 4 counts, two original ones and 3 and 4 added by way of amendment. It also appears that demurrers were sustained to counts 1 and 3 and overruled as to 2

and 4. It also appears that count 2 was withdrawn by the plaintiff, and the case was tried on count 4 alone. We have searched the record in vain for counts 3 and 4, and find no counts at all in the proper place in the record, but have succeeded in finding two unnumbered counts sandwiched in on lettered pages between pages 136 and 137 in the bill of exception part of the record. These two counts are unnumbered; but, owing to the date of filing and the fact that they appear between the summons and the return, we can only treat them as original counts 1 and 2. Count 2 was voluntarily withdrawn by the plaintiff, and there was no error in sustaining the defendant's demurrer to count 1. "While a complaint need not define the quo modo, or specify the particular acts of diligence omitted, yet, when simple negligence constitutes the cause of action, it is incumbent upon the plaintiff to bring himself within the protection of the negligence averred by alleging such a relationship as would enable him to recover for simple negligence."—*L. & N. R. R. Co. v. Holland,* 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; *Gadsden R. R. Co. v. Julian,* 133 Ala. 373, 32 South. 135; *Ensley Ry. Co. v. Chewning,* 93 Ala. 25, 9 South. 458.

For aught that appears from count 1, the intestate was a trespasser, and the only duty that the defendant owed him was not to willfully or wantonly run over him or not to negligently do so after discovering his peril, and which said averment is utterly wanting in said count 1. The case of *Highland Ave. R. R. Co. v. Robbins,* 124 Ala. 113, 27 South. 422, 82 Am. St. Rep. 153, cited by counsel, is not only not in conflict with this holding, but supports us in deciding that count 1 makes the intestate a trespasser.

The trial court did not commit reversible error for refusing to strike so much of the answer of the defend-

ant as was not responsive to the twelfth interrogatory. So far as we can judge, as the only count upon which the case was tried is not before us, the answer was pertinent, and whether responsive or not it should not have been stricken.—*Sullivan Timber Co. v. L. & N. R. R. Co.,* 163 Ala. 134, 50 South. 941, wherein the cases of *First Nat. Bank v. Leland,* 122 Ala. 289, 25 South. 195, and *Garrison v. Glass,* 139 Ala. 512, 36 South. 725, were expressly overruled.

Since the record does not disclose count 4, the only one under which this case was tried, we cannot review the action of the trial court in ruling upon the evidence or in giving or refusing charges.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.