# Neeley *v.* Reynolds.

### Detinue.

### (Decided May 18, 1916.   72 South. 124.)

1. **Mortgages; Recordation; Effect.**—Where a mortgagor gave plaintiff a mortgage of date Feb. 8, 1909, which was not recorded until Feb. 16, 1909, and also gave defendant a mortgage of date Feb. 11, 1909, which was recorded Feb. 12, 1909, and defendant took his mortgage without notice of plaintiff's mortgage, defendant's mortgage was superior to plaintiff.

2. **Same; Detinue; Priority.**—Where the action was detinue, and both parties claimed as mortgagees of the same mortgagor, and the issue was whether or not defendant had actual notice of plaintiff's unrecorded mortgage when he took his own, the refusal of a charge embodying a correct statement of the law on the point strictly applicable to the issues and facts, was reversible error.

[Neeley v. Reynolds.]

**3. Appeal and Error; Harmless Error; Evidence.**—It is harmless error to plaintiff to give for defendant at his request a charge requiring a higher degree of proof from him, than was legally necessary.

**4. Mortgages; Recordation; Actual Notice.**—Notice is equivalent to registration, and a subsequent encumbrancer or purchaser with notice, cannot avoid the lien of the unrecorded mortgage, although the mortgage may be declared void by statute unless duly registered.

APPEAL from Lawrence Circuit Court.

Heard before Hon. R. C. BRICKELL.

Action by E. D. Reynolds against S. P. Neely, in trover, trespass and detinue. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals.

C. M. SHERROD, for appellant. D. C. ALMON, and TIDWELL & SAMPLE, for appellee.

MAYFIELD, J.—The action was detinue, by appellee against appellant, to recover two mules. To the count in detinue were added counts in trover and in trespass, but no questions are presented as to these additional counts. The defendant, among his defenses, suggested that plaintiff's claim was based on a mortgage, and requested that the amount of the mortgage debt be ascertained as is authorized by section 3789 et seq. of the Code. The case was tried on the general issue and the suggestion as above described. A verdict was rendered for the plaintiff for the mules sued for, and the balance of the mortgage debt was ascertained to be $100. From the judgment, defendant appeals.

It appears that plaintiff's sole claim was based upon two mortgages. The first was executed in 1908 by one Sam Gray, to defendant, appellant here, to secure an indebtedness of $400, which mortgage was later transferred and assigned by appellant to appellee, but without recourse. The second mortgage was executed in 1909, by Sam Gray direct to appellee, to secure $585. This last mortgage was executed on the 8th day of February, 1909, but was not recorded until the 16th day of February, 1909. Between these dates of the execution and the recordation, the mortgagor, Gray, executed a mortgage to appellant, on the same property, to secure $166, and this mortgage was recorded four days before appellee's last mortgage. This mortgage to appellant, however, recited that there was no incumbrance on the property except a mortgage to appellee, not particularly de-

[Neeley v. Reynolds.]

scribing any mortgage. It appears without dispute that both parties claim through Sam Gray and both claim solely as mortgagees.

The defenses insisted upon are payment of the first mortgage, and bona fide purchaser for value without notice of the second mortgage, which is claimed to be void under our registration statutes as against appellant, who claims to be mortgagee without notice of the unrecorded mortgage.

As to the payment of the first mortgage, the evidence was in dispute; but it was without dispute that the mortgagor had paid appellee enough to satisfy the first mortgage if the payments had been applied to the mortgage debt. The real dispute was as to the application of the payments.

As to the second defense, the disputed question was whether or not appellant had actual notice of the unrecorded mortgage when he took his mortgage. If the recital in appellant's mortgage, of a mortgage to appellee, referred to the last mortgage, then of course appellee's mortgage would be subject and second to appellee's unrecorded mortgage; but if, as testified to by appellant and Sam Gray, it referred to the mortgage executed in 1908, and assigned to appellee by appellant, and not to the unrecorded one, then appellant's mortgage is prior and paramount to appellee's last mortgage.

(1-3) This we deem the real disputed question. As to this issue the appellant requested the following written charge: "I charge you, gentlemen of the jury, that if you believe from the evidence in this case that Sam Gray gave Reynolds a mortgage for $585 on the 8th day of February, 1909, which mortgage was not recorded until the 16th day of February, 1909, and that the said Sam Gray gave Neely a mortgage for $166 on the 11th day of February, 1909, which was recorded on the records of Lawrence county, Ala., on the 12th day of February, 1909, and that at the time Neely took such mortgage he had no notice or knowledge of the said Reynolds mortgage, then Neely's mortgage is superior to the Reynolds mortgage."

This charge appears to be a correct statement of the law which was strictly applicable to the issues and facts, and its refusal was reversible. While it may have required a higher degree of proof than was necessary, yet this was against the party requesting it, and could not have injured appellee.

(4) The object of statutes requiring the registration of mortgages is the prevention of fraud, and in the advancement of that end the letter of the statute often yields to its spirit. Thus, though a mortgage may be by statute declared void, unless it is duly registered, it has always been held that notice is equivalent to registration, and that a subsequent incumbrancer or purchaser with notice cannot avoid the lien of the mortgage because it was not recorded.—*Fenno, et al. v. Sayre & Converse,* 3 Ala. 458; *Dearing v. Watkins,* 16 Ala. 20; *Smith & Co. v. Zurcher,* 9 Ala. 208; *Ohio L. I. & T. Co. v. Ledyard,* 8 Ala. 866; *Boyd v. Beck,* 29 Ala. 703; *Wyatt v. Stewart,* 34 Ala. 716; 4 Mayf. Dig. 207.

We deem it unnecessary to notice other assignments.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.