(94 South. 193)
## ATLANTIC COAST LINE R. CO. v. McLENDON. (4 Div. 756.)

(Court of Appeals of Alabama. Oct. 31, 1922.)

**1. Railroads ⬤══344(1) — Complaint held demurrable as not stating facts out of which duty to plaintiff arose.**

A complaint in an action against a railroad company for injuries to an automobile in a collision at a crossing *held* demurrable, as not definitely stating facts showing the relation of the parties out of which the duty towards plaintiff arose.

**2. Negligence ⬤══110—Allegation of duty of care essential.**

To recover on the ground of simple negligence, facts out of which the duty to act springs must be definitely alleged; that is, the relation of the parties out of which the duty arises must be shown by the complaint after which the negligence causing the injury may be alleged generally.

**3. Railroads ⬤══347(3)—Evidence as to conditions at crossing held admissible.**

In an action for injuries to an automobile at a crossing, evidence as to the condition of the crossing, and the location of a pile of crossties along the right of way in the direction from which defendant's engine was approaching, was admissible.

**4. Railroads ⬤══350(19) — Whether plaintiff stopped, looked, and listened held for jury.**

Whether plaintiff stopped, looked, and listened at such time and place with reference to the particular situation so as to acquit her of contributory negligence is a question for the jury.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by G. V. McLendon against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff defendant appeals. Reversed and remanded.

Arrington & Arrington, of Montgomery, for appellant.

Demurrer to counts 1 and 3 should have been sustained. 175 Ala. 71, 56 South. 587; 133 Ala. 373, 32 South. 135; 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; 158 Ala. 477, 48 South. 69; 93 Ala. 25, 9 South. 458. Evidence as to the condition of the roadbed and of the crossing was inadmissible under a complaint counting on the negligent operation of the train. 148 Ala. 60, 42 South. 447; 119 Ala. 611, 24 South. 373. Whether or not defendant was guilty of simple initial negligence in failing to sound the statutory signal, if plaintiff's driver was guilty of contributory negligence in failing to stop, look, and listen, defendant was due the affirmative charge with hypothesis. 151 Ala. 410, 44 South. 392; 202 Ala. 222, 80 South. 44; 81 Fla. 881, 89 South. 133; 192 Ala. 394, 68 South. 277; 172 Ala. 597, 55 South. 812; 125 Ala. 212, 27 South. 1006; 172 Ala. 560, 55 South. 218; 194 Ala. 159, 69 South. 518; 190 Ala. 122, 66 South. 799; 135 Ala. 533, 33 South. 332; 196 Ala. 82, 71 South. 455; 188 Ala. 393, 66 South. 470.

Lee & Tompkins, of Dothan, for appellee.

Counts 1 and 3 were not subject to demurrer. 91 Ala. 483, 8 South. 793; 88 Ala. 453, 6 South. 877; 85 Ala. 353, 5 South. 79. The affirmative charge was properly refused to defendant. 153 Ala. 139, 44 South. 962, 14 L. R. A. (N. S.) 261.

SAMFORD, J. [1] Counts 1 and 3 of the complaint were as follows:

Count 1: "The plaintiff, G. V. McLendon, claims of the defendant, Atlantic Coast Line Railroad Company, the sum of $1,000 damages for that whereas, on or about December 25, 1920, in Gordon, Houston county, Ala., the defendant in the operation or management of its train, cars, or locomotive, negligently ran against one Maxwell touring car or automobile, the property of the plaintiff, and demolished the same, injuring said car or automobile to the extent of the damages as aforesaid; wherefore, plaintiff sues and claims of the defendant said sum of $1,000."

Count 3: "Plaintiff claims of the defendant the like sum of $1,000 damages for that, whereas on or about December 25, 1920, defendant was operating in Houston county, Ala., a railroad, said railroad running from Dothan to and through Gordon, Ala., and plaintiff avers that on said date in Gordon, Houston county, Ala., plaintiff's Maxwell touring car or automobile, which was the property of the plaintiff, was negligently run against by the defendant and demolished, and that the defendant in the operation or management of its train, cars, or locomotive negligently ran against and demolished said Maxwell touring car or automobile. Plaintiff avers that said injury occurred in the town of Gordon, Ala., and plaintiff avers that defendant, its agents, servants, or employees, who were in charge of the operation or management of its said train, cars, or loco-

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

motive, at said time and place, failed to blow the whistle or ring the bell on entering into or while moving within or passing through said town of Gordon, Ala., and that defendant negligently, in failing so to do, caused the injuries complained of; wherefore, plaintiff sues the defendant for said $1,000 damages, as aforesaid."

[2] It has many times been held that when a complaint seeks a recovery on the ground of simple negligence, facts out of which the duty to act spring must be definitely alleged; in other words, the relation of the parties out of which arises the duty must be shown by the complaint, after which the negligence causing the injury may be alleged generally. G. & A. U. Ry. Co. v. Julian, 133 Ala. 371, 32 South. 135; Rice v. So. Ry., 175 Ala. 69, 56 South. 587; Ensley Ry. Co. v. Chewning, 93 Ala. 24, 9 South. 458.

"All negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on [simple] negligence, must affirmatively show that the negligence relied upon is actionable." T. C., I. & R. R. Co. v. Smith, 171 Ala. 251, 55 South. 170.

The demurrer to these counts should have been sustained. There is obvious difference between an action for killing stock and the case at bar.

[3] The court did not err in permitting witnesses to describe the condition of the crossing any more than it did to allow proof of the location of a pile of cross-ties some distance up the right of way in the direction from which defendant's engine was approaching. In fact the jury was entitled to a complete description of the whole area covered by the facts attending the collision. S. A. L. Ry. Co. v. Emfinger, 16 Ala. App. 265, 77 South. 415.

[4] The court did not err in refusing to give at the request of defendant, the general charge. Under the facts of this case, together with the attendant circumstances, the condition of the road, the defendant's crossing, etc., it was a question for the jury to say whether plaintiff stopped, looked, and listened at such time and place with reference to the particular situation so as to acquit her of contributory negligence. Highland Ave. R. Co. v. Sampson, 112 Ala. 425, 20 South. 566.

We are also of the opinion that the case is one for the jury, both on the negligence and subsequent negligence counts, under instruction from the court.

The other questions presented will probably not arise on another trial.

For the error pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.