# Gans *v.* Williams.

### *Detinue for Cattle.*

1. *Statutory separate estate; validity of mortgage of.*—A married woman cannot make a valid mortgage of her statutory separate estate to secure a debt of any description.

2. *Same; what part of.*—The natural increase of domestic animals, forming part of the *corpus* of the statutory separate estate of a married woman, is the property of the wife; and a mortgage of the progeny made by husband and wife, passes no title to the mortgagee, and will not defeat detinue by the wife for its recovery.

APPEAL from Clarke Circuit Court.

Tried before Hon. HENRY T. TOULMIN.

The appellee, Emeline M. Williams, brought this action against the appellant, Herman Gans, to recover the possession of certain cattle. It was shown that the property sued for was the progeny of cattle which had been purchased with moneys belonging to the statutory separate estate of the plaintiff. Plaintiff and her husband had mortgaged these cattle to Gans, who took possession of them under his mortgage, and was proceeding to sell the same. The appellant requested the following written charges: "All the property acquired by a married woman, by her own labor and exertion, during her married life, is the property of her husband. 5. If the property in question is wholly the offspring or accession derived from other property which belongs to Mrs. Williams, then, in such case, Mrs. Williams, during the life of her husband, cannot recover such property in a suit in her own name. 8. If the property in question was the increase or natural accession to the plaintiff's separate property, and was mortgaged to defendant with the consent of plaintiff, and she joined in the mortgage by signing, she is estopped from denying same, and if by such means her husband obtained from defendant any thing of value, she cannot claim the property until the mortgage is paid in full. 10. If the jury find that all the property sued for is the natural increase arising from plaintiff's separate estate during coverture—plaintiff being a married woman, she cannot recover in this action—in such case the suit should be in the husband's name alone, and this would be the case whether there is any thing due on the mortgage or not." The court refused to give either of these charges, and to each refusal the

[Gans v. Williams.]

defendant separately excepted, and now assigns the same as error. There was verdict and judgment for plaintiff.

THOS. H. PRICE, for appellant.—The increase of live stock belonging to the wife's statutory separate estate during coverture, is a part of the income and profits thereof. It is well settled in this State that a married woman cannot sue for and recover in her own name, the rents, income and profits arising from her separate property during coverture.—37 Ala. 513; 30 Ala. 143; 33 Ala. 160; 29 Ala. 532.

WATTS & SONS, contra.—The first charge was abstract and properly refused. There was no evidence to sustain it, and its only tendency would be to mislead the jury.—42 Ala. 108; 21 Ala. 473. The natural increase of cattle which form part of the wife's separate estate, constitute part of the *corpus* of her estate. The husband has no estate in the property of the wife except as trustee.—*Flanagan v. Patterson*, 37 Ala. This suit relates to the separate statutory estate, unless the natural increase of her cows does not belong to her but to her husband, and if it is her property the suit is properly brought in her name.—35 Ala. 502. The mortgage was absolutely void; it could create no estoppel.—Bigelow on Estop. 276; *Chapmans v. Abrahams*, 61 Ala. 108; *Stolla v. Peeples*, 57 Ala. 53.

STONE, J.—Mrs. Williams had moneys, her statutory separate estate. During the coverture, her husband invested this money in cattle, which had increase. Williams and wife jointly made a mortgage to Gans, conveying to him the younger cattle, progeny of the stock so bought with the statutory separate moneys of Mrs. Williams. Claiming that the mortgage debt had not been paid off, Gans took possession of the cattle, and advertised them for sale under his mortgage. Thereupon Mrs. Williams instituted the present suit for the recovery of the cattle, and under the charge of the court, the verdict and judgment were in her favor.

It must be regarded as settled in this State that a married woman cannot make a valid mortgage of her statutory separate estate, to secure any description of debt.—*Peeples v. Stolla*, 57 Ala. 53, which collects the authorities; *Chapman v. Abrahams*, 61 Ala. 108. The point of real merit in this case raises the inquiry, whether the increase of domestic animals, the statutory separate estate of the wife, given birth to during the coverture and continuance of the husband's trusteeship, belongs to the husband or to the wife? For appellant it is contended that the statutes known as the

[Gans v. Williams.]

woman's law vest in the husband an estate during the life of the wife, in her personal chattels, and that the increase or issue, being an accretion during the continuance of the husband's estate, thereby becomes his property. If the first branch of this proposition be true, the last would seem to follow as a consequence.— *Wicks v. Greer*, 14 Ala. 437, and authorities on appellant's brief. In *Weems v. Bryan*, 21 Ala. 302, it was held by this court that the husband is tenant for the life of the wife of her statutory separate estate, and as such, entitled at her death to emblements. Later cases controvert that doctrine. In *Boaz v. Boaz*, 36 Ala. 334, it is said, "the husband is not vested with a title in his own right for any space of time, to the wife's separate estate." In that case it is further said that the husband's right is "subordinate to the great purpose of providing a maintenance for the family." This language is inconsistent with the idea that the husband has any personal ownership whatever in the wife's statutory estate.—See, also, *Patterson v. Flanagan*, 37 Ala. 513. In the later case of *Hayes v. Cockrell*, 41 Ala. 75, *Weems v. Bryan* was entirely overruled, and it was then declared that the husband holds only as trustee, not in his own right. He has authority to manage and control the property, and can "not be required to account with the wife, her heirs or legal representatives, for the rents, income and profits thereof." This, with the other powers conferred on the husband by the statute, was doubtless framed with a view to the harmony and happiness of the family, and to prevent the unseemly spectacle of husband and wife as adversary litigants in the courts of justice. It was no part of its purpose to confer on the husband any actual ownership in the wife's property.

The questions raised on this record all grow out of charges asked and refused. Charge numbered one is abstract, for the record contains no evidence that any of the property in controversy was the earnings of the wife's labor during the coverture. The other charges all relate to the question we have been discussing, and, according to the principles we have laid down, were all rightly refused.

Affirmed.