# Allen *v.* Pierce.

## *Bill to Set Aside Fraudulent Conveyance.*

(Decided Dec. 14, 1909.  50 South. 924.)

1. *Fraudulent Conveyances; Intent of Grantee.*—The intent of the grantee is immaterial where the bill is to set aside as voluntary a conveyance by a debtor to his wife.

2. *Same; Secured Creditors; Remedy.*—Where the mortgagee attempts to set aside as fraudulent, a conveyance of the debtor's property, the grantee in such conveyance cannot complain of the choice of remedies made by the mortgagee.

3. *Same; Pleading.*—A bill by the mortgagee to set aside a voluntary conveyance from a debtor to his wife is not rendered demurrable because containing the allegation that the debtor had paid off and discharged existing liens on the property conveyed as such statement tended to show an attempt to defraud creditors, who had no liens upon the property conveyed, and because equity will not permit such an expenditure at the expense of other creditors.

4. *Same; Right of Assignee of Debt.*—Since the assignee of a debt stands in the place of the assignor, it is immaterial what consideration the assignee paid for the debt which he holds, the bill being to set aside a conveyance by the debtor to his wife.

5. *Same; Who May Attack.*—A conveyance of property intended by the debtor to defraud future creditors is void both as to future and existing creditors.

6. *Mortgages; Remedies of Mortgagee.*—As against the mortgagor a mortgagee may proceed in equity to foreclose a mortgage, sue in ejectment to recover or sue on his debt at law, and may pursue all the remedies at the same time.

7. *Husband and Wife; Separate Estate of Wife; Validity of Mortgage.*—A mortgage on the separate estate of the wife to secure an indebtedness is void under the provisions of section 4497, Code 1907.

APPEAL from Montgomery Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by C. E. Pierce against Eliza B. Allen to set aside a fraudulent conveyance. Judgment overruling demurrers to the bill. Respondent appeals. Affirmed.

The bill alleges, in substance: That during the years 1903 and 1904 Charles A. Allen was possessed of con-

[Allen v. Pierce.]

siderable property and was conducting several kinds of businesses in the city of Montgomery, which required the use of considerable money; that the business was done under the firm name of Allen & Leak, but that Allen was the head of the firm and the only one having any property or credit, and that Allen used his credit for the conduct of his business and contracted large debts, up until about the month of May, 1904, but that during the whole period he was so conducting his business and had in view and contemplation its continuance; that the business was one which exposed him to great risks financially, from the fluctuations of the market value of the articles dealt in by him and his firm. (2) That during said period Allen was continually in debt, and that the proceeds of new debts contracted and new credits extended were used to take up the older debts, so that his indebtedness was continuing as in a running account, although it might be with different persons, and that during said years of 1903 and 1904 Allen, by himself or by his firm, carried on a continuous running account with the Union Bank & Trust Company, a banking corporation in the city of Montgomery, debits and credits being entered in the way of a continuous running account. Loans of money were made to him and his firm from time to time, and were renewed or extended, and new loans made; the old debts being taben up by deposit, or new loans. That in the month of May, 1904, while said business was conducted by Allen with said banking corporation, he obtained a loan of $3,000 on his promissory note, due March 1, 1905, payable to said banking company, the said money so loaned being used to pay the older debts of said Allen, and to secure the payment of said loans Allen conveyed to said banking company a tract of about 250 acres of land. But orator avers that the land

did not belong to C. A. Allen, but belonged to his wife, Eliza B. Allen, who was in the possession of the same, and enjoying the rents and profits thereof, and that the said debt was the individual debt of C. A. Allen, for which his wife was not responsible, and that, although his wife joined in the conveyance with him to the said banking company, she did not thereby pass her right and title to the same to said trust company; and orator further avers that afterwards all the interest of said C. A. Allen and Eliza B. Allen in said 260 acres of land was sold to pay the decree in said cause in a suit in the city court of Montgomery in which the said C. A. Allen and Eliza B. Allen were parties. (3) That during said period of business of the said trust company and some time prior thereto, or during the month of May, 1904, the said C. A. Allen conceived and undertook a scheme of hindering, delaying, or defrauding his creditors, and particularly persons who might thereafter extend credit to him, including said trust company, and in pursuance of said scheme, by deed bearing date October, 1903, conveyed all the visible and tangible property to his wife, Eliza B. Allen, upon consideration of love and affection only. (A copy of the deed is attached as an exhibit.) It is further alleged that there was no ostensible change in the possession of said property upon the conveyance being made, and that the conveyance was withheld from registration until the 24th day of April, 1905, when it was hurriedly registered just in time to anticipate the rendition of judgments and liens thereof in suits pending against the said C. A. Allen; and orator avers that said deed was not executed and delivered on the day of its date, but long afterwards, and was antedated and held from delivery for the better carrying out of the fraudulent scheme of hindering, delaying, and defrauding credi-

tors.  (4) That the property so conveyed by Allen to his wife was at the date of delivery to her encumbered with liens for large amounts of money, and after such delivery became further encumbered for large amounts of money, the same being the debts of the said C. A. Allen, and the amount of the encumbrancy being about $10,000; and, in order to protect said property conveyed in said deed for his said wife, Allen used $10,000 or other large sum of his own money to pay said liens and encumbrances, some of which payments were made after the creation of the said debt to the said trust company, and all of which amounted to and were intended to be acts to hinder, delay, and defraud creditors of said C. A. Allen, including said trust company. That said Eliza B. Allen, being a volunteer had no right to claim that the estate of C. A. Allen left in his hands should be used to clear such property of said encumbrances, and the use of the money of said C. A. Allen, for that purpose amounted to a new fraudulent conveyance of the date of the said respective transaction. That by said conveyancee to said Eliza B. Allen the said C. A. Allen divested himself of all of his property, leaving him an insolvent, carrying on business and contracting debts upon· the apparent ownership of an estate when he had not a dollar.  A transfer of the company's debt to orator, C. E. Pierce, is then alleged, and it is further alleged that orator recovered a judgment against Allen in the city court of Montgomery on the 25th day of March, 1907, for $3,582.70, and on the 10th day an execution was issued on said judgment, placed in the hands of the sheriff of Montgomery county, and on the 12th day of August, 1907, returned "No property found," and that the judgment is still due and unpaid.  It is then alleged that about three months prior to the filing of the bill C. A. Allen departed this life

leaving no estate, and that no administrator had been appointed.

The prayer is for the appointment of an administrator ad litem on the estate of said C. A. Allen, and that such administrator and Eliza B. Allen be made parties respondent, and that orator's debts be ascertained, and that the property described in the deed made in the exhibit be condemned to pay the debts, and that the conveyance to said Eliza B. Allen be declared to be fraudulent and void.

The demurrers were: "(1) That the bill shows that the debt alleged to be due complainant by C. A. Allen is secured by the mortgage, which was accepted as sufficient security, and can be realized thereon, and that the deed from Allen to his wife does not hinder, delay, or defraud him in collecting his debt. (2) The bill seeks to aid the cause of complainant against this defendant by setting up coverture of defendant, which is a matter personal to her, and which she can waive if she sees fit. (3) Being construed against the pleader, the bill shows that it was many months after the execution of the deed attached, and not until May, 1904, that Allen conceived and undertook a scheme to defraud his creditors. (4) The bill fails to show that any consideration was given by complainant for the assignment to him of the debt upon which this suit is based, or that at the time of the transfer he was not informed of the claim of this defendant under the deed. (5) The bill avers that the property conveyed to Eliza B. Allen was encumbered with large liens, which were discharged by C. A. Allen, but fails to specify such liens, either in character, amount, by whom held, or in any way sufficient to enable this defendant to answer the allegations intelligently. (6) The bill shows that the liens discharged were debts of C. A. Allen which he had a right to pay."

[Allen v. Pierce.]

There were other demurrers to certain parts of the bill, not necessary to be set out.

MARKS & SAYRE, for appellant.—Coverture is a special defense which may be waived or not and a complainant cannot assert a wife's coverture against her to defeat a mortgage under which complainant claims if the wife was willing to affirm it.—*Scarbrough v. Borders,* 115 Ala. 436; 10 Ency. P. & P. 270. The allegations of the bill do not show fraud in the execution of the deed attacked.—*Elyton L. Co. v. I. C. S. & B.,* 109 Ala. 607; *Caldwell-Ward & Co. v. Adams,* 149 Ala. 293; 30 N. J. E. 211. The bill was demurrable because containing the statement that the mortgagor paid off such encumbrances on the land conveyed to his wife. The bill fails to show whether the transfer of the debt was with or without consideration.

GUNTER & GUNTER, for appellee.—There was no need to allege and prove fraudulent intent in the grantee.— *Pickett v. Pipkin,* 64 Ala. 520; *Seals v. Robinson,* 75 Ala. 371; *McGhee v. I. & T. Bank,* 93 Ala. 196; *McFadden,* 134 Ala. 342. A mortgagee may file a bill to foreclose, sue in ejectment for the land and bring his action of debt on the demand—all this at the same time. —*Duvall v. McClosky,* 1 Ala. 708; *Roper v. McCook,* 7 Ala. 323; *Tucker v. Adams,* 52 Ala. 258; *Ware v. Scott,* 65 Ala. 183, and many other Alabama cases. The land mortgaged was that of the wife and not of the husband, and hence, the mortgage was void.—*Richardson v. Stevens,* 114 Ala. 238; *McNeil v. Davis,* 105 Ala. 657; *Hawkins v. Ross,* 100 Ala. 459, and cases therein cited. A void thing cannot be made good except by what is the equivalent of a new act, nor can it be ratified.—*Saltmarsh v. Tuthill,* 13 Ala. 390. The proper-

ty benefited by the payment of existing lines can be charged with the money so expended.—*May v. LeClare,* 11 Wall. 217; 4 Rose's notes, 431. The law does not tolerate the operations disclosed by the bill.—Authorities supra. Under the facts in this case the last creditors are entitled to stand as creditors as of the date of the fraudulent conveyance.—*Savage v. Murphy,* 34 N. Y. 508; Brump on Fraudulent Conveyances, p. 315; Waite on Fraudulent Conveyances, and authorities supra.

DOWDELL, C. J.—The bill in this case is by a judgment creditor, after a return of "No property found" on execution, to subject assets of the judgment debtor, in the hands of an alleged fraudulent grantee, to the payment of the judgment. The conveyance assailed is one by the husband to the wife, the expressed consideration being love and affection. The conveyance is a voluntary conveyance, and in such a case it is not necessary to allege and prove a fraudulent intent as to the grantee. It is sufficient to show such intent as to the grantor.—*McFadden v. McFadden,* 134 Ala. 342, 32 South. 719; *McGhee v. Imp. & Trad. Nat. Bank,* 93 Ala. 196, 9 South. 734; *Seals v. Robinson,* 75 Ala. 371; *Pickett v. Pipkin,* 64 Ala. 520.

A creditor whose debt is secured by a mortgage is not confined, in his remedies for the collection of his debt, to the enforcement of his security, though the same may be ample to that end. As against this debtor the mortgagee of land has three remedies, any one of which he may pursue, or, as for that matter, he may pursue all three at one and the same time. He may file his bill in equity to foreclose the mortgage, sue in ejectment for the recovery of the land, and sue on his debt at law.— *Duval's Heirs v. McLoskey,* 1 Ala. 708; *Roper v. Mc-*

*Cook,* 7 Ala. 323; *Halfman v. Ellison,* 51 Ala. 549; *Tucker v. Adams,* 52 Ala. 258; *Micou v. Ashurst,* 55 Ala. 607; *Scott v. Ware,* 65 Ala. 183. Here the creditor, as he has the right to do, is pursuing the last of the above-named remedies, and against which a grantee in an alleged fraudulent conveyance by the debtor has no right to complain.

It is stated in the bill that the mortgage security held by the complainant was given for the debt of the husband and upon the separate estate of the wife. Such a mortgage is void (Code 1907, § 4497; *Richardson v. Stevens,* 114 Ala. 238, 21 South. 949, and other cases cited in brief of counsel); and for this reason the complainant would be justified in abandoning such security and in pursuing the remedy adopted in the present instance.

The averments in the bill that the debtor, subsequent to his voluntary conveyance to his wife, paid off and discharged existing liens on the conveyed property. do not render the bill demurrable. Such statements are in keeping with the allegations of intent to defraud. While the debtor had the right to apply his money to the payment of those creditors who held liens upon the property conveyed by him to his wife, the result of which was to enhance the value of the estate in the wife by the discharge of the liens, yet in equity and good conscience this could not be permitted at the expense of his other creditors. In principle there can be no difference between this and the permitting of the debtor to use his funds in erecting a building or other improvement upon the land of his wife, in fraud of his creditors.

It is immaterial what consideration the complainant paid for the debt sued on. In this respect he stands in the shoes of his transferor.

The bill alleges a scheme on the part of the debtor to defraud future creditors in the making of the conveyance assailed. If this is true, the conveyance is void as to both future and existing creditors.

In its last analysis, the bill is nothing more nor less than one by a creditor to set aside a fraudulent conveyance, and to subject the property conveyed to the payment of debts. The demurrers, in our opinion, are not well taken. The chancellor committed no error in overruling them, and his decree will be affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.