(98 South. 199)

**CARR et al. v. GOLDSTEIN. (6 Div. 884.)**

(Supreme Court of Alabama. Nov. 29, 1923.)

**1. Fraudulent conveyances ⚖⇒218—Holder of claim, accruing from contract in existence at time of conveyance, "creditor."**

One whose claim accrued from a contract in existence at the time a conveyance was made is a "creditor" within the meaning of the statute of frauds, although such liability may be contingent such as the liability of an indorser on a note.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

**2. Fraudulent conveyances ⚖⇒211, 259(2)—Immaterial what creditor paid for debt sued on.**

In a suit to subject land to payment of indebtedness on the ground that conveyances were fraudulent, it is immaterial what consideration the complainant paid for the debt sued on, and an averment in the bill that the note representing the debt became the property of complainant was sufficient.

**3. Fraudulent conveyances ⚖⇒183(1)—Wife of debtor held shown by bill entitled to protection to extent of consideration paid by her.**

Where bill, seeking to subject land conveyed to wife by third party to judgment against husband, alleges payment of $1,000 of consideration by husband and also the conveyance of other land of the wife to the third party which had been conveyed to her by her husband, "without consideration or the consideration was small or inadequate," it must be *held* that the wife was a purchaser of such land to the extent of the consideration paid by her for the land she conveyed to the third party; there being no averment of knowledge of the insolvency of her husband or that she participated in the scheme of her husband to hide out his property, and she was entitled to protection to such extent.

**4. Fraudulent conveyances ⚖⇒162(1)—Conveyance by third party to wife in consideration of payment by husband fraudulent.**

Conveyance of land by third party to wife, entire consideration being paid by husband, was purely voluntary and invalid as to husband's existing creditors, without any averment of her participation therein.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Pleading ⬮⇒204(2)—Demurrer to bill sufficient in part properly overruled.**

Where demurrers to bill to subject two parcels of land, conveyed by third person to wife, to payment of judgment against husband, embraced both parcels of land, and bill was sufficient as to one parcel, court properly overruled the demurrers.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Sam Goldstein against J. A. Carr and another. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Erle Pettus, of Birmingham, for appellants.

A voluntary conveyance is valid as to subsequent creditors, unless fraud in fact is shown, and the burden is on complainant to show same. Allen v. Caldwell Co., 149 Ala. 293, 42 South. 855; Allen v. Riddle, 141 Ala. 621, 37 South. 680; Smith v. Pitts, 167 Ala. 461, 52 South. 402.

Leader & Ullman, of Birmingham, for appellee.

A voluntary conveyance as to existing creditors is void. Veal v. Whittemore, 176 Ala. 490, 58 South. 919; Washington v. Arnold, 167 Ala. 448, 52 South. 463; Kelley v. Connell, 110 Ala. 543, 18 South. 9; Stoutz v. Huger, 107 Ala. 248, 18 South. 126. A conveyance to the wife paid for by the husband is voluntary. Authorities supra.

PER CURIAM. [1, 2] The bill in this case avers that J. A. Carr became indebted to the Archibald-Goldstein Motors Company by virtue of his indorsement of a note for $7,400, with interest due and payable January 1, 1921. The bill avers that such note became the property of the complainant and was afterwards reduced to judgment in an action against J. A. Carr, which was unpaid, and it seeks to subject to the payment of said indebtedness two parcels of real estate conveyed to S. S. Carr, the wife of J. A. Carr, upon the ground that such conveyances were fraudulent as to complainant. The conveyances to S. S. Carr were made subsequent to the indorsement of the note by J. A. Carr, but prior to the rendition of the judgment thereon. "One whose claim accrued from a contract in existence at the time such conveyance is made is a creditor within the meaning of the statute of frauds," although such liability may be contingent. Keel v. Larkin, 72 Ala. 493. It is also immaterial what consideration the complainant paid for the debt sued on. In this respect he stands in the shoes of his transferor. Allen v. Pierce, 163 Ala. 612, 50 South. 924, 136 Am. St. Rep. 92. The averment of the bill, therefore, that the note became the property of complainant, was sufficient.

[3] One parcel of the real estate conveyed to S. S. Carr is described in the fourth paragraph of the bill, and as to this the bill alleges that it was conveyed to her on the 1st day of April, 1922, by the West Real Estate & Insurance Company; such conveyance being made for a recited consideration of $1,000 and the assumption by the grantee of a mortgage for $8,000 to the Masonic Mutual Life Association and a second mortgage for $3,839.09, executed by the West Real Estate & Insurance Company to its grantor. The bill avers that the recited consideration of $1,000 was paid with funds belonging to J. A. Carr, and that the title was taken in the name of S. S. Carr for the purpose of hiding out such property and preventing it from being subjected to complainant's judgment. It appears from paragraph 6 of the bill that there was a further consideration for the conveyance of said parcel of land to S. S. Carr. The bill alleges that such conveyance was in part in consideration of the conveyance to the West Real Estate & Insurance Company by S. S. Carr of a half interest in certain real estate situated in Hattiesburg, Miss., which had been conveyed to S. S. Carr, by J. A. Carr, her husband, January 4, 1922. The bill avers that the conveyance from J. A. Carr to his wife "was made without consideration, or the consideration was small and inadequate." Under the alternative averment that the consideration was small and inadequate, it must be taken that S. S. Carr paid some valuable consideration, though inadequate, for the conveyance to her of the half interest in the Hattiesburg land. As she conveyed such interest to the West Real Estate & Insurance Company as part consideration for the conveyance to her of the land described in the fourth paragraph of the bill, she was a purchaser of such land to the extent of the consideration paid by her for the Hattiesburg interest; nor is her assumption of the two mortgages upon said land assailed in the bill. The bill shows therefore that S. S. Carr was a purchaser for valuable consideration of the land conveyed to her by the West Real Estate & Insurance Company, and, there being no averment of knowledge of the insolvency of her husband—if he was insolvent, which is not averred—or that she participated in the scheme of her husband to hide out his property from his creditors, she was to such extent entitled to protection. Little v. Sterne, 125 Ala. 609, 27 South. 972; Tyson v. South. Cot. Oil Co., 181 Ala. 256, 61 South. 278; Allen v. Overton, 208 Ala. 504, 94 South. 477.

[4] As to the lot conveyed to S. S. Carr, described in the fifth paragraph of the bill, it is averred that the entire consideration therefor was paid by J. A. Carr. The con-

veyance was therefore purely voluntary and invalid as to his existing creditors, without any averment of her participation therein. Mathews v. Carroll, 195 Ala. 501, 70 South. 143.

[5] The demurrers to the bill embraced both parcels of land, and were therefore properly overruled; and the decree overruling the demurrers from which the appeal in this case was taken is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

NOTE.—The foregoing opinion was prepared by Mr. Justice McCLELLAN before his resignation, and is adopted by the court.