**DAVIS et ux. v. ELBA BANK & TRUST CO.**
(4 Div. 216.)

(Supreme Court of Alabama.   Dec. 17, 1925.)

1. **Chattel mortgages ☞255 — Mortgagee's right to maintain detinue for chattels where debt is past due held cumulative remedy.**

Where debt secured by chattel mortgage was past due, entitling mortgagee to take possession, mortgagee could maintain detinue; but such remedy was not exclusive, but cumulative.

2. **Chattel mortgages ☞255 — Chattel mortgagor held not entitled to complain of mortgagee's choice of remedies.**

Chattel mortgagor has no right to complain that mortgagee chooses to foreclose mortgage in equity and have property sold by decree, instead of pursuing some other remedy.

3. **Chattel mortgages ☞47 — Description in mortgage and in bill to foreclose it held sufficiently definite as between parties.**

Description in chattel mortgage of mortgaged property as "all our livestock and increase, all our household and kitchen furniture, all my or our gathered crops and provisions now on hand," and description in bill to foreclose mortgage as "all live stock and increase, all household and kitchen furniture, and all gathered crops and provisions owned by respondents" on specific date, *held* sufficiently definite as between parties, and was not invalid because of words "and increase."

4. **Chattel mortgages ☞279—Issuance of writ of seizure in foreclosure suit held authorized.**

Under Code 1923, §§ 6609, 6624, judge of circuit court or register was authorized to issue writ of seizure in chattel mortgage foreclosure suit, where mortgagee gave bond required by section 6625, and its original verified bill sought sale of property securing past-due debt and alleged that mortgagors were insolvent, that property was in danger of being wasted or carried beyond court's jurisdiction or otherwise disposed of, in words of statute, and it was not necessary that bill allege that writ was not sued out to vex mortgagors.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill in equity by the Elba Bank & Trust Company against George E. Davis and wife. From a decree on demurrer to the bill, respondents appeal. Affirmed.

P. B. Traweek, of Elba, for appellants.

Averments, by way of conclusions, without a statement of the facts, are not sufficient to justify equitable interference or seizure of the property. Code 1923, §§ 6612, 6613; Walker v. Radford, 67 Ala. 446; Saunders v. Cavett, 38 Ala. 51. It is necessary that complainant make affidavit denying the wrongful or vexatious suing out of the writ. Code 1923, § 6625; Ware v. Seasongood, 92 Ala. 152, 9 So. 138. The remedy at law is adequate. Hardi-

---

son v. Plummer, 152 Ala. 619, 44 So. 591; Bank v. Freeman, 200 Ala. 13, 75 So. 325.

W. W. Sanders, of Elba, for appellee.

Counsel discuss the questions raised and treated, but without citing authorities.

MILLER, J. This is a bill in equity by the Elba Bank & Trust Company, a corporation, against George E. Davis and Jane E. Davis, to foreclose a chattel mortgage, to sell the property described in and conveyed by it, to pay the debt secured by it, and to secure a writ of seizure for the property, to prevent it from being wasted, carried beyond the jurisdiction of the court or otherwise disposed of pending a foreclosure decree. The respondents demurred to the bill, the demurrers were overruled by the court, and this appeal is prosecuted by them from that decree.

It is insisted by appellants in brief that the demurrers should have been sustained, first, because the legal remedies of complainant, the mortgagee, by detinue or trover, were ample in any event; second, the property is not sufficiently described or identified therein; and, third, the writ of seizure should not issue, because the bill and the affidavit attached to it fail to aver the writ is not sued out for the purpose of vexing or harassing the defendants—and it is averred as a conclusion or opinion, without any facts to support it in the bill, that the property is in danger of being wasted, carried beyond the jurisdiction of the court, or otherwise disposed of.

[1] It is true it affirmatively appears from the averments of the bill and a copy of the note and mortgage, which is attached as an exhibit, that the debt secured by the mortgage was past due when the bill of complaint was filed, and under the terms and conditions of the mortgage complainant was entitled and authorized therein to take possession of this personal property, and could have maintained detinue for its possession. Hardison v. Plummer, 152 Ala. 619, 44 So. 591; Bank of Andalusia v. Freeman, 200 Ala. 13, 75 So. 325; Mervine v. White, 50 Ala. 388. This remedy by detinue is not exclusive, but is cumulative. This court, in Dearing v. Watkins, 16 Ala. 25, in discussing a mortgage on personal property, stated:

"Now a mortgage is a mere security for a debt; the mortgagee may file his bill in equity to foreclose and sell, without troubling himself with the possession, or he may sue at law."

See, also, Allen v. Pierce, 163 Ala. 612, 50 So. 924, 136 Am. St. Rep. 92.

[2] The respondents cannot justly complain at complainant pursuing this remedy allowed it to foreclose its mortgage in equity, and have the property conveyed by it sold by decree of the court, in order to collect in that way the debt secured by it. Dearing v. Watkins, 16 Ala. 25; Allen v. Pierce, 163 Ala. 612, 50 So. 924, 136 Am. St. Rep. 92.

[3] The appellants insist this part of the personal property described in the bill is too indefinite and insufficient to identify the property:

"All live stock and increase, all household and kitchen furniture, and all gathered crops and provisions owned by respondents on the 3d day of January, 1924."

This property was thus described in the mortgage, which is made part of the bill, by copy thereof attached thereto and referred to as an exhibit:

"All our live stock and increase; all our household and kitchen furniture; all my or our gathered crops and provisions now on hand." '

The mortgage conveys and the bill describes other property than the above, and appellants do not complain at the description thereof. This mortgage was executed on January 3, 1924. It is evident the mortgage conveyed and the bill described "all live stock and increase, all household and kitchen furniture, and all gathered crops and provisions owned by" the mortgagors on the date of the execution of the mortgage, January 3, 1924. This description of this property was capable of being made sufficiently definite by extrinsic proof, and it is valid between the mortgagors and mortgagee. Ellis v. Martin, 60 Ala. 394; Stickney v. Dunaway, 169 Ala. 464, 53 So. 770; 3 Michie Dig. §§ 34, 35, p. 62. The words "and increase," following the words "all live stock," or "all our live stock," did not render the description uncertain and void. This court has frequently held the offspring of mortgaged animals, which are born after the execution of the mortgage, are subject to the lien of the mortgage, and can be sold for the payment of the debt secured by it. Meyer v. Cook, 85 Ala. 417, 5 So. 147; Gans v. Williams, 62 Ala. 41; Dyer v. State, 88 Ala. 225, 7 So. 267.

[4] The averments of the bill are verified by the affidavit of the president of this corporation. He states therein under oath that he is acquainted with the allegations of the foregoing bill and that the allegations thereof are true as therein stated. The bill alleges complainant owns a mortgage on the property therein described to secure a debt that is past due and unpaid, and it seeks a decree of the sale of the mortgaged property for the payment of the mortgage debt. It is true section 6609, Code 1923, provides that:

"In the issue of equitable attachments, and all the proceedings thereon, the provisions in relation to attachments from courts of law must be observed, *except so far as may be other-*

*wise provided in this chapter."* (Italics supplied.)

But under this statute (section 6624) in this chapter' (containing section 6609) it is otherwise provided that writs may also issue from the circuit court in equity matters on an original bill, by the order of any judge of the circuit court or register, for seizure of personal property, when a decree is sought against the property, and the property is in danger of being wasted, carried beyond the jurisdiction of the court, or otherwise disposed of. The property involved in this cause is personal property; the complainant in the original bill, by averments and prayer, seeks a decree of sale of this property to pay a past-due debt for which the property stands as security, through a mortgage thereon given by the defendants to complainant. The bill alleges the defendants are insolvent and the property is in danger of being wasted, carried beyond the jurisdiction of the court, or otherwise disposed of. The averments are in the words of the statute.

The complainant is proceeding for the writ under this statute. Section 6624, Code 1923. The foregoing averments in the bill, verified by the affidávit of the president of complainant corporation, conform substantially to the requirements of the statute, and thereon the judge of the circuit court or the register is authorized to issue the writ of seizure, when complainant gives the bond, with surety payable to the defendants, in double the value of the property, to be approved by the register, conditioned to pay all damages the defendants may sustain by the wrongful or vexatious suing out of such writ. Section 6625, Code 1923.; Ware v. Seasongood, 92 Ala. 152, 9 So. 138. It is not necessary for this bill to allege, and be sustained by affidavit, that this writ is not sued out for the purpose of vexing or harassing the defendants in order to secure the right to the issuance of the writ. The statute (section 6624, Code 1923) does not require it.

Section 6624, Code 1923, declares what the complainant must aver to secure the writ of seizure, and when complainant complies therewith, and sustains his claim for the writ by affidavit, then the judge or register of the court should issue the writ, when complainant gives the bond, approved by the register, in the amount, with surety, and conditioned as the statute (section 6625, Code 1923) directs and requires. The averments of the bill, verified by the affidavit attached to it, are sufficient to authorize the issuance of the writ, when complainant gives bond therefor, as above indicated, and the bill in this respect is not subject to the demurrer of defendants. Sections 6609, 6624, and 6625, Code 1923; Ware v. Seasongood, etc., 92 Ala. 152, 9 So. 138.

It results that the trial court did not err in overruling the demurrers of respondents to the bill of complaint. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.