(129 So. 472)

## ABERNATHY v. WORTHY et al.

### 8 Div. 165.

Supreme Court of Alabama.

June 28, 1930.

528

O. Kyle, of Decatur, and J. G. Rankin, of Athens, for appellant.

Lynne & Patton, of Athens, for appellees.

GARDNER, J.

The suit is in detinue by the mortgagee against the mortgagor for recovery of personalty embraced in a mortgage of May 13, 1927. The assignments of error here argued relate to the matter of description of the property embraced in the mortgage.

"Generality and indefiniteness in the description of the property are not sufficient to avoid a mortgage. There must be uncertainty, which remains after the mortgage has been interpreted in the light of the attendant circumstances, the clear intent of the parties being regarded." Smith v. Fields, 79 Ala. 335; Truss v. Harvey, 120 Ala. 636, 24 So. 927.

As between the parties to the transaction, the mortgagor and mortgagee, the rule of certainty in description is not so exacting as when a third party is involved. Such was the holding of this court in Wood v. West Pratt Co., 146 Ala. 479, 40 So. 959; Cragin v. Dickey, 113 Ala. 310, 21 So. 55, and recognized by the current of authorities elsewhere. 5 R. C. L. p. 429.

The recovery in this case was confined to cotton, cotton seed, and corn, and one black mare mule. That the crops were grown on land owned and possessed by the mortgagor in Limestone county the year of the execution of the mortgage is not controverted. Lon Sims v. United Auto Supply Co. (Ala. Sup.) 129 So. 53.[1] The description in the mortgage was entirely sufficient to embrace such crops. Smith v. Fields, supra; Davis v. Elba Bank & Trust Co., 214 Ala. 100, 106 So. 595; Hurt v. Redd & Co., 64 Ala. 85; Avondale Mills v. Abbott Bros., 214 Ala. 368, 108 So. 31; Hammond v. Cabaniss, 213 Ala. 221, 104 So. 320; 5 R. C. L. pp. 423–426; Stickney v. Dunnaway & Lambert, 169 Ala. 464, 53 So. 770.

These authorities also demonstrate the sufficiency of the general description to embrace the mules then owned and in possession of the mortgagor, with particular reference to Davis v. Elba Bank & Trust Co., supra.

The case of Stewart v. Clemens, 220 Ala. 224, 124 So. 863, cited by appellant, is readily distinguishable from the instant case, not only by reason of the fact that a third party was there concerned, but, also, for the fur-

[1] Ante, p. 383.

ther reason that the description in the present mortgage is much more definite and certain than that there involved.

The case of Brooks v. Bank of Wetumpka, 210 Ala. 689, 98 So. 907, merely construed the language of the mortgage there under review, and we find nothing in that opinion that militates against the conclusion here reached.

It appears the mortgagor had sixteen mules in his possession at the time of the execution of the mortgage, and following the general description are the words, "also the following described property, to-wit, twelve mules—all farming tools and implements and wagons." Conceding the insufficiency of the description "twelve mules" under these circumstances, the conveyance of the property under the general description is not affected thereby. 5 R. C. L. p. 425; Harding v. Coburn, 12 Metc. (Mass.) 333, 46 Am. Dec. 680 and note.

Appellant insists the judgment for the one black mare mule following the verdict of like description is insufficient to such extent and that the same should be reversed therefor. We are cited to Alexander v. Wheeler, 69 Ala. 332, as analogous in principle. But there the attention of the trial court was directed to the insufficiency of description in the verdict by motion to set the same aside.

In the instant case nothing whatever was done to call the matter to the trial court's attention. Upon this appeal this court exercises appellate jurisdiction only in reviewing the rulings of the trial court. The argument of counsel in this regard may bear relation to the execution of the judgment, but nothing in respect thereto is here presented for review.

We find no reversible error. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.