SHORES, Justice.
This is an appeal from the confirmation of a judicial foreclosure sale.
In July 1985, William B. Armbrester and Carrie Lee Armbrester sold to Wood River Development, Inc. (“Wood River”), a parcel of undeveloped land located in Talladega County, for $200,000. In accordance with the terms of the sale, Wood River paid to the Armbresters $40,000 down and executed a purchase money note and mortgage for the outstanding balance of $160,000, to be paid in three equal annual installments of $53,333.33 each, plus accrued interest. James Keith Howard and Dennis Abbott, the shareholders of Wood River, personally guaranteed the note.
Wood River subsequently developed the property and platted it into lots. The mortgage provided in part:
“In the event a part or portion of the property is platted into lots, Mortgagor shall be entitled to releases from the mortgage upon the payment of Three Thousand and no/100 — ($3,000.00)—Dol-lars per lot_ No release shall be required to be given by the Mortgagees if there is any unremedied default in the performance of the terms of this mortgage or the note secured hereby.”
Wood River failed to pay the 1986 ad valorem taxes on the subject property. The Armbresters paid the ad valorem taxes that were due, in the amount of $854.42, to prevent the property from being sold for delinquent taxes. The Armbresters considered Wood River in default of the mortgage, and refused to execute releases on the 60 lots not yet released from the mortgage. Wood River contended that the Armbresters’ refusal to release the lots from the mortgage made it impossible for Wood River to make the mortgage payment that was due on July 13, 1987.
On July 28, 1987, Wood River filed a complaint seeking a preliminary injunction enjoining the Armbresters from initiating mortgage foreclosure proceedings and seeking a judgment declaring that Wood River was not in default of the note and *846 mortgage. The payment due on July 13, 1987, was not made.
On August 5,1987, the Armbresters filed a motion to dismiss, an answer to Wood River’s complaint, a counterclaim against Wood River, and a third-party complaint against Howard and Abbott, seeking foreclosure on the mortgage and a judgment on the note against Wood River, Howard, and Abbott (“appellants”).
Before a hearing was held, the parties entered into a stipulation and agreement that provided, in pertinent part, that the case would be continued for a period of 60 days, during which time Wood River was authorized to sell all or part of the subject property at auction. Ninety per cent of the gross proceeds received from the sale of each lot, or $3,000 per lot, whichever was greater, was to be paid to the register of the court and held subject to further proceedings in the case. The agreement further provided that, upon compliance with the preceding payment provisions, the Armbresters would release from their mortgage the lots sold and that all the parties could attend the auction and bid.
An auction was held on September 19, 1987, by the J.P. King Auction Company. The property brought in excess of $170,-000. During the auction, Fred Wedell, acting as an agent for Wood River, was the successful bidder on 40 of the lots.
After the auction, the Armbresters refused to execute releases on the 20 lots that individuals other than Fred Wedell had purchased, contending that they did not have an obligation to release any of the lots from the mortgage unless, in accordance with the payment provisions in the stipulation and agreement, Wood River paid the money into the court on the lots its representative had bid in.
A hearing was held on December 7,1987, at which the trial court rendered a judgment in the amount of $121,289.17, against the appellants, for the balance due on the note plus accrued interest and the 1986 ad valorem taxes, and ordered Wood River to ' complete the sale as to the lots purchased by the individuals other than Wedell and also ordered the Armbresters to execute releases on these lots. The court ordered the register to pay the 1987 ad valorem taxes from the $1,000 deposited into the court by Wood River, and to file a report with the court by February 8, 1988, indicating the lots sold and the amount of funds thereby generated, and to proceed with foreclosure of the lots not sold. Due to some outstanding second mortgages and mechanics liens arising out of the development of the property, none of the sales was closed.
The appellants filed a motion to amend the judgment, pursuant to Rule 59, A.R. Civ.P. On February 8, 1988, the trial court overruled the motion, but did amend the judgment to include the accrued interest to date and to fix attorney fees at $10,000, which increased the amount of the judgment to $133,714.95, and the court ordered the register to proceed with foreclosure of the mortgage. The appellants then filed a motion to amend the February 8 judgment.
On March 14, 1988, the register conducted a foreclosure sale, at which the Arm-bresters purchased the property for a high bid of $16,500. Neither Howard nor Abbott attended the foreclosure sale. The appellants filed a motion to vacate the foreclosure sale.
We remanded the case to the trial court to allow it to rule on the appellants’ motion to amend, the motion to vacate the foreclosure sale, and all other pending matters, so as to have an adjudication on all issues between the parties.
On remand, the trial court overruled the appellants’ motion to amend the judgment of February 8, 1988, and granted the appellants’ motion to vacate the foreclosure sale, conditional upon the appellants’ filing a bond in the amount of $125,000 to guarantee an opening bid of $100,000. Abbott had testified that he could procure the bid if the judge would order a resale of the property. The appellants filed a bond guaranteed by Abbott and two of his relatives.
On May 26, 1988, the Armbresters filed an objection to the bond submitted by the appellants. The trial court required the language of the bond to provide for a for *847 feiture of its entire amount if a $100,000 opening bid was not procured. The appellants did not file another bond conforming to the judge’s order, and the trial judge confirmed the foreclosure sale of March 14, 1988, and entered a deficiency judgment against the appellants in the amount of $122,061.36. Wood River, Howard, and Abbott appeal from the final judgment of the trial court.
The appellants contend that the trial court erred in confirming the foreclosure sale, because the property was purchased by the Armbresters for $16,500. They argue that when property is purchased at a judicial sale by someone who is not a stranger to the case, for an amount much less than the market value, the sale should not be confirmed and a resale should be ordered, citing Jetton v. Jetton, 502 So.2d 756 (Ala.1987); Hicks v. Hicks, 362 So.2d 861 (Ala.1978). This rule of law does not apply to the facts of this case. In Hicks and Jetton, the judicial sales involved selling property for division, where redemption is not an available post-judicial sale remedy. Where redemption is available, no such standard as to price is applied. Justice Simpson, writing for the Court in Roy v. O’Neill, 168 Ala. 354, 52 So. 946 (1910), stated the rule:
“At first sight, there seems to be some confusion in the cases as to the principles which should control, in a court of equity, in regard to affirming, or refusing to affirm, sales made under its orders; but the seeming conflict may be to a great extent explained by the fact that some of the cases relate to sales under mortgages, or creditors’ bills, or other proceedings to enforce the collection of a debt.
“It is evident that, when a creditor is proceeding to collect his debt, he is not under any obligation to see that the property of his debtor brings a reasonable price, but is entitled to enforce it whether the property brings its value or not; the owner being protected by the redemption statutes. It therefore follows that, in such proceedings, if the sale is properly advertised, and fairly sold, according to law, the sale will not be set aside merely for inadequacy of price.” (Citations omitted.)
In the instant case, there is no evidence of fraud, collusion,’or other irregularity in the sale conducted by the register. The sale was properly advertised, as required by Code 1975, § 6-8-40 et seq., and two persons bid on the property other than the Armbresters. The property was sold lot by lot, and then as a whole, and the Armbres-ters were the high bidders. Furthermore, the appellants, who had notice of the sale, could have attended it in order to protect their interests, but they chose not to do so.
The appellants also contend that it is a general rule that fraud, trickery, unfairness, or culpable mismanagement may be presumed where the price realized at a foreclosure sale is so inadequate as to shock the conscience. Hayden v. Smith, 216 Ala. 428, 113 So. 293 (1927); First National Bank of Opp v. Wise, 235 Ala. 124, 177 So. 636 (1937); and Coleman v. Solomon, 225 Ala. 407, 143 So. 576 (1932).
The holdings in those cases are not controlling in this case because they involved a mortgagee’s foreclosing a mortgage pursuant to a power contained in the mortgage. When a mortgagee forecloses a mortgage pursuant to a power, the mortgagee becomes a trustee of the debt- or/mortgagor, and is bound to act in good faith and adopt all reasonable modes of proceeding in order to render the sale most beneficial to the mortgagor. First National Bank of Opp, supra. This duty is imposed upon the mortgagee foreclosing under a power of sale, because the mortgagee is selling the property, and his interest is diametrically opposed to the interest of the mortgagor, especially if he is the purchaser of the property at the foreclosure sale. In such a case, the mortgagee is in a better position to hinder the sale and render it self-serving. The reasons for imposing such a duty are not present at a judicial foreclosure sale, because there the court, not the mortgagee, is selling the property.
The appellants next contend that the trial court erred in granting the equitable remedy of foreclosure with a resulting deficiency judgment against Wood Riv *848 er and a judgment at law on the note against Wood River, Howard, and Abbott. We disagree. In Allen v. Pierce, 163 Ala. 612, 50 So. 924 (1909), this Court held:
“A creditor whose debt is secured by a mortgage is not confined, in his remedies for the collection of his debt, to the enforcement of his security, though the same may be ample to that end. As against this debtor the mortgagee of land has three remedies, any one of which he may pursue, or, as for that matter, he may pursue all three at one and the same time. He may file his bill in equity to foreclose the mortgage, sue in ejectment for the recovery of the land, and sue on his debt at law.”
The appellants cite Whigham v. Travelodge International, Inc., 349 So.2d 1078 (Ala.1977), for the proposition that a mortgagee can not foreclose a mortgage in equity and then sue on the note at law. In Whigham, however, the mortgagee purchased the property at the foreclosure sale for the amount of the debt plus all legal charges, thus leaving no deficiency owed. The entire debt had been satisfied. In the present case, the Armbresters purchased the property for an amount less than the debt owed, thus entitling them to collect the balance from the mortgagor, Wood River, or from the guarantors on the note, Howard and Abbott. It is well settled that a mortgagee or any judgment holder is entitled to collect only once for a debt owed or injury suffered. Furthermore, the trial judge set out the following in his opinion and final judgment:
“That William B. Armbrester and Carrie Lee Armbrester have and recover from Wood River Development, Inc., James Keith Howard and Dennis Abbott the sum [emphasis added] of ONE HUNDRED TWENTY TWO THOUSAND SIXTY ONE AND 36/100 Dollars ($122,-061.36), and for which execution may issue. This is a final judgment for the deficiency balance due on the note of Wood River Development, Inc., James Keith Howard and Dennis Abbott to William B. Armbrester and Carrie Lee Arm-brester, after crediting the purchase price at the mortgage foreclosure sale;
“That all prior orders and judgments entered in this civil action that are not consistent with this final judgment are hereby set aside, to the extent of any inconsistency....”
The appellants next contend that the order of the trial court requiring the filing of a bond in the amount of $125,000 to guarantee an en masse opening bid of $100,000 as a condition precedent to ordering a resale of the property that brought only $16,500 at the first sale, was unreasonable. It is within the sound discretion of the trial court to confirm a judicial sale. Upon Abbott’s testifying that he could produce an opening bid of $100,000 at a resale of the property, it was perfectly reasonable for the trial court to require the appellants to produce a bond guaranteeing the price at a resale. See Cockrell v. Coleman’s Administrator, 55 Ala. 583, 589 (1876), where the Court held that, although most of the affidavits opposing the confirmation of a sale stated that the land was worth twice the price bid, the sale was properly confirmed, because no guaranty had been given that on a resale the price would be higher.
Furthermore, it was within the trial judge’s discretion to amend his order requiring the bond, to specify more particularly the language required to be used in the bond. The bond that the appellants filed provided, in the defeasance clause, that it guaranteed damages in the event that a bid of $100,000 was not procured at a resale. Upon the Armbresters’ objection to this language regarding damages, it was within the court’s discretion to specify that the full amount of the bond would be forfeited if the bid was not procured.
In regard to the appellants’ contentions that they did not receive adequate notice of the hearing held on May 30, 1988, where the Armbresters argued their objection to the bond, and that they were thereby prejudiced, we find that any prejudice that may have occurred was cured by the hearing held on June 27, 1988, where Abbott, acting as counsel for the appellants, was afforded an opportunity to, and did, *849 argue in rebuttal to the objection to the bond.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.